## SARNOFF et al. v. CIAGLIA.
### No. 9442.

Circuit Court of Appeals, Third Circuit.

Submitted Nov. 20, 1947.

Decided Dec. 22, 1947.

Grover C. Richman and John E. Lister, both of Camden, N. J., for appellants.

Boyle, Archer & Greiner, of Camden, N. J., for appellee.

Before MARIS, O'CONNELL and KALODNER, Circuit Judges.

O'CONNELL, Circuit Judge.

The appeal at bar raises questions concerning Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.[1]

Jurisdiction is based upon diversity of citizenship. Plaintiffs, residents of Pennsylvania, have alleged in their complaint, as elaborated in the bill of particulars and affidavits, that defendant, a resident of New Jersey employed as adviser by plaintiffs, "fraudulently and for the purpose of intentionally deceiving, cheating and defrauding the plaintiffs," represented to them that

---

[1] The portions of Rule 56 here involved are as follows:

"Rule 56. Summary Judgment

\* \* \* \* \* \*

"(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

\* \* \* \* \* \*

"(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

machinery they had ordered from the F. J. Stokes Manufacturing Company "would not manufacture suitable phonograph records"; that defendant knew the representations to be untrue; and that, in reliance upon those representations, plaintiffs cancelled orders not only for that machinery but also for equipment which plaintiffs had agreed to purchase from other suppliers. Plaintiffs further allege that, relying upon other false representations made by defendant, they purchased from the United Rubber Machinery Exchange other machinery and equipment which could not be converted to accomplish the manufacture of phonograph records without extensive expenditure; and that defendant split the profits United gained from the sale of this machinery with one Liebstein, who is associated with United. According to plaintiffs, the machinery which was purchased is worth $2000 less than the sale price; the charge imposed upon plaintiffs for cancelling the order with the Stokes Company was $103; defendant has been paid $100 by plaintiffs for the services he was supposed to have rendered; $1850 to date has been spent in an effort to render usable the machinery purchased from United; and $30,000 in profits from tentative orders for phonograph records placed with plaintiffs has been lost by virtue of the delay suffered in production.

Defendant moved for a bill of particulars which plaintiffs thereafter filed. Defendant thereupon made a motion for dismissal of plaintiffs' action and for summary judgment. Accompanying defendant's motion were affidavits (1) by defendant, alleging a substantially different set of facts from those set forth in the complaint, and (2) by employees of several of the companies involved, who made statements apparently inconsistent with those alleged in the complaint and plaintiffs' bill of particulars. Plaintiffs, in reply, moved to dismiss defendant's motion and submitted affidavits which, in effect, reiterated the allegations of the complaint and bill of particulars.

The district court decided that a cause of action was sufficiently alleged by the complaint and bill of particulars, but granted the motion for summary judgment. The opinion of the court below discloses that the basis of decision was the impression made by the affidavits submitted by defendant of "people who are not parties to the action." In its view of the case, the district court felt that plaintiffs did not meet the affidavits "by averring specific facts supporting their alleged cause of action." In short, the lower court chose to believe the version of events related by defendant.

In Merchants Indemnity Corporation of New York v. Peterson, 3 Cir., 1940, 113 F.2d 4, 6, we stated that "summary judgment may not be given under Rule 56 of the Rules of Civil Procedure if there be an issue presented as to the existence of any material fact." This principle was reiterated in Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016, in which we said, 130 F.2d at page 1018: "Upon a motion for a summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. Ramsouer v. Midland Valley R. Co., D.C. Ark. 1942, 44 F.Supp. 523. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment. Weisser v. Mursam Shoe Corporation, 2 Cir., 1942, 127 F.2d 344 [145 A.L.R. 467]." See also Doehler Metal Furniture Co. v. United States, 2 Cir., 1945, 149 F.2d 130, 135.

As we understand defendant's position, it is conceded that allegations of the complaint are in dispute; but it is contended that none of these are necessary or material. Defendant asserts that, even if it be assumed that defendant was guilty of fraud, plaintiffs suffered no injury. To ratify this assertion, however, defendant is compelled to ask us to weigh the credibility of conflicting averments and decide such questions in his favor without the formal submission of proof and without gaining the benefit of cross-examination. For example, plaintiffs have alleged that "a verbal agreement to purchase" incidental equipment was made with Mears-Kane-Ofeldt, Inc.; the affidavit of one E. D. Paul, identified only as being "in the employ" of that company, states that the files of Mears-Kane-Ofeldt contain no order from plaintiffs. Should Paul's affidavit be deemed contradic-

tory of plaintiffs' allegation, at this posture of the case it nevertheless cannot be categorically determined which of the two statements is true. If in fact plaintiffs did place such an order, and if defendant was guilty of fraud causing cancellation of that order and consequent delay in production, plaintiffs are entitled to seek legal relief for the harm suffered, if any. The same analysis, in general, may be applied to other issues of fact raised by the proceedings in the instant case to date, not the least notable of which is plaintiffs' allegation, which defendant disputes, that defendant induced them to accept machinery worth $2000 less than the sale price and then divided the profits of the sale with Liebstein. On the basis of the record before us, and in view of the weight to be accorded the complaint on a motion for summary judgment, we are not prepared to say that defendant's version must be believed, nor that the allegations of plaintiffs, which the court below deemed "roughly drawn," are so vague and general as to strip them of all credibility. The resolving of such issues must be left to the finders of fact, and not decided upon a motion for summary judgment.

For the reasons stated, the order of the district court will be reversed and the complaint reinstated for further proceedings consistent with this opinion.