DONALDSON TRANSFER AND STOR-
AGE CO., a corporation, in its own be-
half and to the use of the National
Union Fire Insurance Company, a cor-
poration,

v.

UNITED STATES of America.

Civ. A. 11873.

United States District Court,
W. D. Pennsylvania.

Nov. 9, 1955.

C. Dale Blair, Pittsburgh, Pa., for plaintiff.

Hubert I. Teitelbaum, 1st Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This action filed under the Federal Tort Claims Act arises out of a motor vehicle accident. 28 U.S.C.A. §§ 1346, 2671 et seq.

Plaintiff avers that his truck was being operated south in the curb lane on the Manchester Bridge in Pittsburgh, Pennsylvania, and had reached a point short of the center of the bridge. A United States Post Office truck, operated also in a southerly direction but in the inner traffic lane, was passing the plaintiff's truck, and before clearing the truck swerved, or turned to its right causing the plaintiff's driver to suddenly and abruptly apply his brakes and turn his equipment to the right to avoid a collision with the United States Post Office truck.

The right top of plaintiff's truck struck the superstructure of the bridge, causing the damage and loss alleged.

The matter comes before the court on motion of the United States of America for summary judgment. Rule 56 of Federal Rules of Civil Procedure, 28 U.S. C.A.

The United States contends that the damage to plaintiff's truck was not a foreseeable consequence of the negligent act of its driver in cutting in front of plaintiff's truck.

■■ A motion for summary judgment should not be granted if there is

an issue presented as to the existence of any material fact. Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167. In considering such a motion, the court should take the view of the evidence most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may be drawn from the evidence.

 Construing as I must the evidence most favorable to the plaintiff, and recognizing the basic presumption in law that a person is justified in anticipating that every driver obeys the law, a definite factual dispute is presented as to whether the act of the driver of the United States Post Office vehicle was the proximate cause of the accident and damages to plaintiff's vehicle.

With a factual dispute existing, the motion of the United States of America for summary judgment must be refused.

An appropriate Order is entered.