See also 137 F.Supp. 517.

**UNITED STATES of America**
v.
**Rex CARPENTER.**
**Civ. A. No. 13761.**

United States District Court
W. D. Pennsylvania.
Jan. 24, 1957.

John A. DeMay, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for United States.

Paul E. Allen, Meadville, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before the court on motion of United States of America for summary judgment.

■ Summary judgment may not be granted if there be an issue presented as to the existence of any material facts; and all doubts as to existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167; F. A. R. Liquidating Corp. v. Brownell, 3 Cir., 209 F.2d 375; Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580.

The determination of the motion must rest on the following question:

Did the Reconstruction Finance Corporation or the governmental agency vested with authority to determine the validity of subsidy claims enter or make an order of a definite and final nature relative to the subsidy claims involved in the procedure?

If the answer is in the affirmative, the Emergency Court of Appeals specially constituted by Congress to review matters of this nature is the only court to which the defendant had recourse to determine the validity of such order. Riverview Packing Co., Inc., v. Reconstruction Finance Corp., Em.App., 207 F.2d 415; Riverview Packing Co., Inc., v. Reconstruction Finance Corp., 3 Cir., 207 F.2d 361.

If the answer to the question posed is in the negative, the District Court would have full authority to consider on the merits the validity of the claim involved in the instant proceeding.

The government's claim is for restitution of subsidies paid by it to the defendant, a livestock slaughterer, pursuant to Section 2(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.Appendix, § 902(e).

Under the second proviso of this section a meat subsidy program was instituted in June 1943 as an incident of the price control and overall economic stabilization program. The program was in operation until October 15, 1946 except for the brief period between July 1 and July 25, 1946. Meat price regulations were re-imposed with respect to slaughterers on September 1, 1946. (11 F.R. 9372.) The purpose of the subsidy was to relieve the "squeeze" upon slaughterers and wholesalers applied by uncontrolled live cattle prices and controlled meat prices.

Authority over all economic policy was vested by the President in the Office of Economic Stabilization, Executive Order 9250, 7 F.R. 7871, U.S.Code Cong.Service 1942, p. 1259, pursuant to the Stabilization Act of 1942, 56 Stat. 765, 50 U.S.C.Appendix, §§ 961, 962. The Defense Supplies Corporation, organized under Section 5d of the Reconstruction Finance Corporation Act,* and therefore a corporation authorized to administer such programs under the Emergency Price Control Act was the original administrative agency for the meat subsidy

* Now 15 U.S.C.A. § 604.

program. On June 30, 1945 this corporation was terminated and its functions and assets transferred to the Reconstruction Finance Corporation by joint resolution of Congress. 59 Stat. 310, 15 U.S. C.A. § 611 note.

Section 4 of Regulation No. 3 (8 F.R. 10826) and Section 7003.4 of Revised Regulation No. 3 (10 F.R. 4241) provide that records supporting the subsidy claims shall be preserved for inspection during the times herein stated, and that upon failure of compliance with this section the administrative agency shall have the right to invalidate the claims for the affected reporting periods. Amendment No. 7 to Supplemental Order No. 189 (18 F.R. 8698) issued jointly by the Department of Agriculture, the Reconstruction Finance Corporation and the Department of Commerce, effective January 1, 1954, extends the period for the preservation of records to January 1, 1955. On October 29, 1946 the Reconstruction Finance Corporation determined that the defendant failed to comply with the terms of this section for the period of January 1944 through February 1946 inclusive, and therefore invalidated the respective claims. The claims had previously been paid upon preliminary approval only, in the total amount of $34,593.43, for which a claim receivable was established.

It is not disputed by the defendant that an appeal was not taken to the Emergency Court of Appeals from the informal letter decision of October 29, 1946, in which the defendant was advised by a representative of the governmental agency that the records of the defendant did not sufficiently support the live weights, cost and dressed weights by grades as reported in the claims filed by the defendant with the governmental agency, and in connection with which the amount was paid to the defendant for which the instant proceeding was filed claiming judgment against the defendant for said amount.[1]

A determination must, therefore, be made as to whether or not the defendant, through the appropriate governmental agency, has issued an order of a character sufficiently definite and final to be the subject of protest and review invalidating the subsidy claims for the reason that said claims were inaccurate and did not properly reflect the meat producer and slaughterer merchant operations.

If the governmental agency did not make or issue any order of a character sufficiently definite and final to be the subject of protest and review, which invalidated the meat slaughterer's subsidy claim upon the ground that his records were inaccurate and did not proper-

1. "Office of Defense Supplies
"October 29, 1946
"Mr. Rex Carpenter
"Townville, Pennsylvania
Re : Meat Subsidy
"Dear Sir:
"In accordance with instructions from our Washington Office, this is to advise that all of your DS–T–55 claims through February 1946, have been declared invalid and that a claim receivable has been entered in the amount of $34,593.43 has been entered against these claims as per the attached T–608 adjustment sheets. This is occasioned by the fact that a recent field examination disclosed that your records did not sufficiently support the live weights, cost and dressed weights by grades as reported in these claims.

"You are given the alternative of either withdrawing these claims by return of the amounts paid thereon, together with interest at 4% per annum, or, supporting them at your own expense by the work of Independent Accountants approved by the Chief Auditor and working under our supervision.

"You are further advised that all other claims through February, 1946 have been challenged because of insufficient records and that you will be informed later as to what, if any, corrective action will be necessary to clear these claims.

"Please let us hear from you immediately regarding your intentions and should you decide to support these claims through the work of an independent accountant, we suggest you contact this Agency regarding the various requirements prior to making any definite arrangements.

"Very truly yours,
"W. R. Clay
"Whittington/76        Examiner"

ly reflect the meat slaughterer's operations, the District Court has the jurisdiction and the authority to determine the merits of the meat slaughterer's claim or the government's claim against the meat slaughterer as to the validity or nonvalidity of the claim and whether proper records were kept and maintained. However, if an order of a definite and final character were issued by the governmental agency in connection with the meat subsidy claims, in that event the meat slaughterer is unable to question the validity of such an order in the District Court and must resort to the Emergency Court of Appeals for review of said order.

 However, any order issued by the Reconstruction Finance Corporation or the governmental agency authorized and empowered to administer subsidy payments to slaughterers places a limitation on the power of the District Court. In exercising its jurisdiction, the District Court is precluded from questioning the validity of the various provisions of the meat subsidy regulations which amount to orders issued by such agency since orders so issued are subject to review only by the Emergency Court of Appeals. As to any subsidy, the duty of the District Court is merely to interpret and apply them to the facts of said case. Riverview Packing Co. v. Reconstruction Finance Corp., 3 Cir., 207 F.2d 361.

■ The law is settled that determinations by the Reconstruction Finance Corporation in validating subsidy claims, even though informally expressed, are orders issued under Section 2(e) of the Emergency Price Control Act. Riverview Packing Co. v. Reconstruction Finance Corp., 3 Cir., 207 F.2d 361.

■ I must conclude from a reading of the letter written to the meat slaughterer defendant on October 29, 1946, that said letter was a sufficient order which advised the meat slaughterer defendant that sufficient records were not maintained to support the live weights, cost and dress weights by grades as recorded by the claims filed.

Since administrative decisions are final except for statutory provision for review which was vested exclusively in the Emergency Court of Appeals, the District Court in interpreting and applying said order to the facts of the instant case must conclude that said order, not having been contested before the proper tribunal, remains legally enforceable and the United States of America is entitled to judgment on the pleadings.

In the entry of judgment, it is proper to allow interest at the rate of 4% per annum on claims made by the United States of America to a meat slaughterer from the date that said payment was made on payments determined to be invalid.

An appropriate Order is entered.