No. 632. LAWLOR ET AL., TRADING AS INDEPENDENT POSTER EXCHANGE, v. NATIONAL SCREEN SERVICE CORP.

*Per Curiam:* We agree with the Court of Appeals that the motion for summary judgment should have been denied. However, in our view, this disposition of the case made it unnecessary for the Court of Appeals to pass on any other issue than that of the *per se* invalidity of exclusive contracts under the Sherman Act. In order that the District Court not be bound by the consideration the Court of Appeals gave to the remaining issues, and without reaching any of the same, we grant the petition for writ of certiorari, vacate the judgments, and remand the cause to the District Court for trial. MR. JUSTICE FRANKFURTER, with whom MR. JUSTICE BURTON and MR. JUSTICE HARLAN join, has filed a dissent. *Francis T. Anderson* for petitioners. *Louis Nizer* for respondent.

MR. JUSTICE FRANKFURTER, whom MR. JUSTICE BURTON and MR. JUSTICE HARLAN join, dissenting.

The District Court granted the motion of plaintiffs, the petitioners here, for summary judgment. The Court of Appeals, having found that summary judgment was not warranted, remanded the case for "[t]rial of the disputed factual issues." 238 F. 2d 59, 68. This Court also holds that the motion for summary judgment should have been denied by the District Court: it grants certiorari and vacates the judgment of the Court of Appeals, but directs the District Court to do precisely what the Court of Appeals directed that court to do. This is the legal situation unless I wholly misconceive the matter.

Since the Court's disposition of the petition for certiorari affects the proper administration of its own busi-

ness as well as the relation between this Court and Courts of Appeals, the matter deserves exposition.

The Court of Appeals thus stated what it called the critical issue before it: "Was there, in the cases involved in these appeals [there were other cases affecting other parties], a genuine issue as to a material fact which, under well-settled principles, precluded the entry of summary judgments adjudicating the defendant-appellant, National Screen Service Corporation ('National') to be an unlawful monopoly?" 238 F. 2d, at 60–61. Having found that there were triable issues of fact, it concluded that summary judgment should not have been entered and sent the case back for trial. This Court now echoes these conclusions: the motion for summary judgment should have been denied and the plaintiffs must establish their claim at trial.

The explanation of the puzzle must lie in the statement that this Court is doing what it is doing "[i]n order that the District Court not be bound by the consideration the Court of Appeals gave to the remaining issues . . . ." This is an oblique concern about the so-called "law of the case." The only "law of the case" decided by the Court of Appeals is the legal issue on which this Court agrees with the Court of Appeals. Nowhere is there a suggestion in the petition for certiorari that when the case goes back to the District Court, the trial will be restricted in determining the facts relevant to a claim under the antitrust laws. (Indeed, petitioners' only suggestion that the new trial directed by the Court of Appeals will not leave all relevant issues open for trial is that the Court of Appeals indicated that some issues "require determination by the trier of facts," while the petitioners suggest that these are issues to be determined by the trial court as a matter of law.)

One cannot read the thirteen pages of argument in support of the petition here and not be left with the conviction that the adjudication before the Court of Appeals was exclusively of the issue as the Court of Appeals stated it. That is "the law of the case," so far as that phrase has meaning, and nothing else. In the federal courts "the law of the case" is not a legal principle. It is a bogey that has been exposed, a ghost that has been laid, since Mr. Justice Holmes' opinion for the Court in *Messenger* v. *Anderson,* 225 U. S. 436, 444. The misuse of the rule of practice embodied in the conception of "law of the case," we had occasion to reject in *United States* v. *United States Smelting Refining & Mining Co.,* 339 U. S. 186, 198: "It is not applicable here because when the case was first remanded, nothing was finally decided. The whole proceeding thereafter was *in fieri."* Here the only thing that was decided was, as this Court holds, rightly decided—namely, that on the facts summary judgment is precluded and the case must go to trial.

In granting the writ of certiorari, the Court sets aside all consideration by the Court of Appeals of issues other than "that of the *per se* invalidity of exclusive contracts under the Sherman Act." It is a customary practice for a Court of Appeals, in sending a case back to a District Court for trial, to give guidance on issues that may arise in the course of the trial in order to avoid needless appeals and retrials. No doubt a District Court must follow the adjudication of a Court of Appeals on reversal and remand of a case. But here the only adjudication was that the case be tried on all the relevant issues. We review judgments not talk. The basis of the reversal was a consideration by the Court of Appeals of opinions of this Court, and more particularly of our recent decisions in *Times-Picayune Publishing Co.* v. *United States,* 345 U. S. 594, and *United States* v. *E. I. du Pont de Nemours & Co.,* 351 U. S. 377. What this Court has decided in those and

other antitrust cases, and not any passing observations by ,a Court of Appeals, are the controlling directions for the District Court.

If the opinion of the Court of Appeals in this case disregarded controlling rulings of this Court, the District Court is of course not bound to disregard such decisions of this Court. A District Court can hardly fail in its duty to its Court of Appeals in obeying what decisions of this Court command. On the other hand, if the Court of Appeals has expressed views that do not run counter to what this Court has decided, this Court should not direct the District Court to disregard them. Surely, this Court should not go out of its way to purport to pass on these questions at this stage of the proceedings, especially when the questions are abstract, and more particularly in such summary fashion. If we begin to grant petitions for certiorari although we agree with the judgment of a Court of Appeals because, perchance, in the opinion some dubious remarks may have been made that cannot as a matter of law control the trial of the cause (I am not implying that such is the case here), a new fecund source of business will still further swell the docket of this Court. Of course, if ever the contingency arises when a Court of Appeals challengingly or ignorantly disregards the controlling law as set forth by this Court, the means for correction here are ample and sure.

I would deny the petition.