**Howard JAMISON, Administrator of the Estate of Earl B. Benner, Deceased, Plaintiff,**

v.

**PENNSYLVANIA SALT MANUFACTURING COMPANY, Inc., Defendant.**

**Civ. A. 15468.**

United States District Court
W. D. Pennsylvania.
June 20, 1958.

---

Cyril D. Brain, J. P. McArdle, Pittsburgh, Pa., for plaintiff.

Thomas Thompson, of Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

This is an action brought by the plaintiff under the Pennsylvania Wrongful Death and Survival Statutes, 12 P.S. § 1601 et seq., 20 P.S. § 320.601 et seq. to recover damages arising out of the death of one Earl B. Benner, allegedly caused by the negligence of an employee of the defendant. The defendant has moved for summary judgment.

In support of its motion, the defendant has submitted plaintiff's answers to interrogatories and a "Transcript of Official Notes of Testimony" taken at the inquest on the death of plaintiff's decedent held in the Coroner's Court of Allegheny County, Pennsylvania. The plaintiff has not submitted any counter-affidavits.

In this circuit certain principles applicable to our consideration of this motion are well settled:

"* * * [S]ummary judgment may be granted only if the pleadings, depositions, admissions and affidavits ' * * * show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law.' Fed.R.Civ.P. 56(c), 28 U.S.C.; see F.A.R. Liquidating Corp. v. Brownell, 3 Cir., 1954, 209 F.2d 375. Any doubt as to the existence of a genuine issue of fact is to be resolved against the moving party. Sarnoff v. Ciaglia, 3 Cir., 1947, 165 F.2d 167, 168. * * * [D]ocuments filed in support of a motion for summary judgment are to be used for determining whether issues of fact exist and not to decide the fact issues themselves. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580." Lawlor v. National Screen Service Corporation, 3 Cir., 1956, 238 F. 2d 59, 65; judgment vacated on other grounds, 1957, 352 U.S. 992, 77 S.Ct. 526, 1 L.Ed.2d 540.

The truth or falsity of allegations in pleadings should not be adjudicated in advance of trial through the technique of filing affidavits which deny a party the right to cross-examine. Reynolds Metals Co. v. Metals Disintegrating Co., 3 Cir., 1949, 176 F.2d 90.

Applying the above principles in our consideration of the instant motion, we conclude that on the present state of the record the motion must be denied since there appears to be a genuine issue on the very basic question of how the accident occurred. Without going into detail, it appears that in his complaint plaintiff alleges in effect that the defendant's truck negligently ran into and collided with the plaintiff's decedent. In opposition to this, the defendant offers the testimony of an eye witness given at the Coroner's inquest to the effect that plaintiff's decedent ran into the truck when he attempted to board it while it was in motion.

We cannot agree with defendant's apparent contention that plaintiff has adopted all or a particular part of the testimony of the witnesses at the Coroner's inquest, and that therefore plaintiff agrees that the facts are as stated therein. It is true that in answer to an interrogatory, plaintiff stated that his allegations of negligence were based, inter alia, on "information contained in the testimony of the witnesses appearing at the Coroner's inquest," but from that we can hardly conclude that plaintiff thereby adopted all or any particular part of that testimony.

If the complaint properly raises a question of a material fact, as it does here, then we cannot resolve the issue by examining the defendant's affidavits—we may look to the affidavits and pleadings only to determine whether an issue of fact exists, Frederick Hart & Co. v. Recordgraph Corp. supra; and we must resolve any doubts as to the existence of such an issue against the moving party, Sarnoff v. Ciaglia, supra.

We have previously set forth the principles applicable in this Circuit on a motion for summary judgment, and while we feel bound by, and have here applied those principles, we recognize that they are not in complete accord with the governing principles in the other circuits.

The opposing view as expressed in Zampos v. United States Smelting Refining and Min. Co., 10 Cir., 1953, 206 F.2d 171, 173, 174 is that:

"In considering a motion for summary judgment, the court may pierce formal allegations and grant relief if it appears from uncontroverted facts set forth in affidavits * * * that as a matter of law there are no genuine issues for trial. * * * And flimsy allegations which are transparently not well founded in fact are insufficient to state a justiciable controversy. * * *

"* * * [W]here the moving party presents affidavits * * * which taken alone would entitle him to a directed verdict, if believed, and which the opposite party does not discredit as dishonest, it rests upon that party at least to specify some

opposing evidence that he can adduce which may reasonably change the result. Radio City Music Hall Corp. v. United States, 2 Cir., 135 F.2d 715; Gifford v. Travelers Protective Association, 9 Cir., 153 F.2d 209."

See also Surkin v. Charteris, 5 Cir., 1952, 197 F.2d 77, where at page 79 the court stated:

"The sufficiency of the complaint does not control and, although the burden is on the moving party to demonstrate clearly that there is no genuine issue of fact, the opposing party must sufficiently disclose what the evidence will be to show that there is a genuine issue of fact to be tried."

Under those principles we feel that the defendant would be entitled to summary judgment on the basis of the "Transcript" submitted, since although plaintiff was given over two months[1] to do so, he has not produced counter-affidavits nor has he availed himself of the provisions of Rule 56(f), Fed.R.Civ.P., 28 U.S.C.A., by indicating why counter-affidavits were unavailable. Thus plaintiff has relied solely on his complaint, which in the above-mentioned circuits would be insufficient in the face of the transcript submitted by the defendant to create a genuine issue of fact.

In the circumstances we think it is proper to invoke pretrial procedure as set forth in Rule 16, Fed.R.Civ.P., 28 U.S.C.A., and direct the attorneys for the parties to appear for a conference to consider whether or not the plaintiff in fact has any evidence of negligence sufficient to be submitted to a jury. Since plaintiff has failed to disclose such an issue by counter-affidavits, for submission of which he was given ample time and every opportunity, he will be required at this conference to serve upon

counsel of record, and file a copy with the Clerk of Court, a detailed narrative written statement of the facts to be offered by oral or documentary evidence at trial upon which he relies to establish liability, to which he shall attach the names and addresses of all the witnesses plaintiff expects to call on the issue of liability.

In this manner it may be determined whether plaintiff actually has a triable issue of fact before further time, trouble and expense are incurred by both parties.

An appropriate order has been entered.

---

[1]. The motion for summary judgment was argued on March 18, 1958, at which time plaintiff was granted 30 days to file counter-affidavits. On April 21, 1958, at his request, he was granted an additional 30 days to file said affidavits.