**LIFE MUSIC, INC., Plaintiff,**

v.

**BROADCAST MUSIC, INC.,** American Society of Composers, Authors and Publishers, Sesac, Inc., Radio Corporation of America, National Broadcasting Company, Inc., Columbia Broadcasting System, Inc., Columbia Records, Inc., Columbia Music Publishing Company, Master Records, Inc., and Okeh Music Publishing Company, Defendants.

United States District Court
S. D. New York.
Feb. 7, 1959.

Sidney W. Rothstein, New York City, for plaintiff.

Rosenman, Goldmark, Colin & Kaye, New York City, for defendant Broadcast Music, Inc.; Max Freund, Lawrence R. Eno, Robert A. Kirtland, Edward M. Cramer and Herbert H. Blau, New York City, of counsel.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant Nat. Broadcasting Co., Inc.

Cravath, Swaine & Moore, New York City, for defendant Columbia Broadcasting System, Inc.

DAWSON, District Judge.

This is a motion for summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A.

■ The action is a treble damage action under the anti-trust laws, in which plaintiff alleges a conspiracy among the defendants to prevent plaintiff from engaging in, and to drive it from, the business of licensing performance rights in musical compositions. The complaint is lengthy and there are numerous defendants. By its motion plaintiff seeks to secure summary judgment for a substantial part of the relief demanded in the complaint, including an injunction against licenses issued by BMI and a divestiture of its stock.

■ On a motion for summary judgment the first issue to be determined by the Court is whether there is "no genuine issue as to any material fact." The papers submitted on this motion show that there are numerous issues of fact which are controverted in this case. The motion is of the type referred to by Judge Learned Hand in Bozant v. Bank of New York, 2 Cir., 1946, 156 F.2d 787, where Judge Hand pointed out in that case

"* * * that the case is another mistaken effort to save time by an attempt to dispose of a complicated state of facts on motion for summary judgment." (At page 790.)

182

■ The Court cannot reach the conclusion that there are no genuine issues as to material facts. Under those circumstances the Court cannot conclude that the moving party is entitled to a judgment as a matter of law. Furthermore, this is an important case involving a substantial industry and the application of the summary judgment rule to such an action is questionable. United States v. Bethlehem Steel Corporation, D.C.S.D.N.Y.1958, 157 F.Supp. 877.

It would be much better if this case is tried on the facts. See Lawlor v. National Screen Service Corp., 1957, 352 U.S. 992, 77 S.Ct. 526, 1 L.Ed.2d 540, which reversed a summary judgment entered in a triple damage anti-trust action; Syracuse Broadcasting Corp. **v.** Newhouse, 2 Cir., 1956, 236 F.2d 522.

The motion for summary judgment is denied.