**Francis G. BRAGEN, Plaintiff-Appellant**

v.

**HUDSON COUNTY NEWS COMPANY, Inc.**

**No. 12914.**

United States Court of Appeals Third Circuit.

Argued Jan. 4, 1960.

Decided May 25, 1960.

Doane Regan, Newark, N. J. (Rothbard, Harris & Oxfeld, Samuel L. Rothbard, Emil Oxfeld, Newark, N. J., on the brief), for appellant.

Joseph Halper, New York City (Abraham Gottlieb, Jersey City, N. J., Bandler

**616**

& Kass, Julius Kass, New York City, on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

Was there, in this action for treble damages for alleged violations of the Sherman Anti-Trust Act,[1] a genuine issue as to a material fact which, under well-settled principles, precluded an entry of summary judgment?

That is the critical issue presented by this appeal from the Order of the District Court for the District of New Jersey granting defendant's motion for summary judgment.[2]

The parties to this action are plaintiff, Francis G. Bragen, who has operated a small retail store in Jersey City, Hudson County, New Jersey, since 1952, vending, among other things, newspapers, magazines, comic books and various other books ("publications"), and defendant Hudson County News Company, Inc. ("Hudson"), since 1957 sole wholesale distributor of publications in Hudson County.

In his Complaint Bragen alleged that Hudson "by means of agreements, contracts and understandings and conspiracies with publishers of newspapers, magazines, paper-covered books and other publications and with other wholesale distributors of same outside of Hudson County, New Jersey, is enabled to and does in fact monopolize the distribution of the aforementioned newspapers, magazines, books and publications in Hudson County, New Jersey", and, "As a result of its monopoly of the wholesale distribution * * * as aforesaid, the defendant is enabled to and does in fact determine by whom, in what manner and under what conditions the people of Hudson County, New Jersey, may obtain access to the aforesaid published material"; "By reason of its aforesaid monopoly, defendant is enabled to and does in fact compel retail newsdealers to accept for

resale published material which is obscene, lascivious, and offensive to morality and good taste, as a condition upon which defendant will supply said retailers with other and morally wholesome publications", and, "By reason of its aforesaid monopoly, defendant is enabled to and does in fact compel retail newsdealers to accept for resale published material which said retailers have not ordered and which said retailers cannot sell or which they do not wish to sell, as a condition upon which defendant will supply said retailers with publications which they desire, a practice commonly known as 'tie-in-selling'." The Complaint also alleges that the publishing business and wholesale and retail distribution of publications are in interstate commerce; further, no retail dealer can ply his business in Hudson County without being supplied by Hudson; that Hudson cut off all his supplies because of plaintiff's rejection of "tie-in" publications which he had not ordered and refused to vend, and, that thereupon publishers, and wholesalers outside Hudson County, had refused to supply him when requested to do so "without the consent" of Hudson.

Hudson, in its Answer to the Complaint, admitted the allegation as to interstate commerce but denied all others. Further, Hudson, in depositions of its president and general manager, denied the existence of the alleged monopoly or "tie-in sales" although it admitted that Bragen had at times received unordered publications in consonance with practices not unknown in the general custom of the trade. In these depositions Hudson maintained that the real dispute between the parties was a "debt" of $126.19 owed to it by Bragen as a "service charge" and that upon its payment it was ready to resume doing business with him.

In a "reply" deposition, Bragen said that he had refused payment of the "service charge" because all his efforts to ascertain from Hudson the elements of the charge proved unavailing; that

[1] Title 15 U.S.C.A. §§ 2 and 15.

[2] The opinion of the District Court is reported at D.C.N.J.1958, 168 F.Supp. 231.

Hudson never sued Bragen to collect the $126.19 alleged debt. Bragen further stated in his deposition that Hudson for a period of years had delivered to him for sale unordered salacious magazines and books with names like "Twitter", "Wink" and "Eyeful" which he had refused to merchandise and had exacted service charges as to which no explanation was given. When Hudson stopped supplying him, said Bragen in his deposition, his business declined steadily because publishers and wholesalers outside Hudson County refused to serve him.

The District Court, in its Opinion granting Hudson's motion for summary judgment, found (at page 234) that " * * * a dispute arose between Hudson and Bragen concerning certain charges made by Hudson to Bragen's account," and, "In consequence of this disagreement Hudson suspended its service to Bragen, but indicated that such service would be resumed upon payment of his alleged indebtedness." It further found (at pages 235-236): "Hudson's refusal to sell is not grounded in any attempt to monopolize"; "Nothing is alleged which would justify the conclusion that the public suffered any injury. * * *"; "There is nothing to show that Hudson exercises any restraint over the distribution of magazines and publications other than those which it distributes"; and "Lastly, any inference that this is a monopolistic practice is negatived by the fact that Hudson gives full credit to the retailer for any magazines and paper-backed books it supplied which were unsold by the retailers."

Other aspects of the District Court's Opinion relating to views therein expressed as to applicable law in treble damage suits under the Sherman Act will be later stated.

Because of the Supreme Court's admonition in Lawlor v. National Screen Service Corp., 1957, 352 U.S. 992, 77 S. Ct. 526, 1 L.Ed.2d 540, we will direct our attention to the critical issue presented by this appeal as to whether the District Court in granting summary judgment made factual findings with respect to genuine issues of material facts.

Applicable to summary judgment proceedings are these well-settled principles which we recently had occasion to state in Krieger v. Ownership Corporation, 3 Cir., 1959, 270 F.2d 265, 270:

"Summary judgment may be granted only if the pleadings, depositions, admissions on file and affidavits ' * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' * * *

"Documents filed in support of a motion for summary judgment are to be used to determine whether issues of fact exist and *not* to decide the fact issues themselves. * * *

" 'The law is clear that one who moves for a summary judgment has the burden of demonstrating that there is no genuine issue of fact.' "

To the foregoing may be added these principles expressed in recent cases in other circuits.

Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., "is not intended to provide a substitute for the regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation turns. It should be invoked with caution to the end that litigants may be afforded a trial where there exists between them a bona fide dispute of material facts." Alaniz v. United States, 10 Cir., 1958, 257 F.2d 108, 110.

"It is especially necessary to be cautious in making such a determination [granting summary judgment] where, as here, a jury trial has been demanded." Cameron v. Vancouver Plywood Corporation, 9 Cir., 1959, 266 F.2d 535, 540.

"On a motion for summary judgment, the pleadings of the opposing party must be taken as true, unless by the admissions, depositions or other material introduced it appears beyond controversy otherwise." Hiern v. St. Paul-Mercury Indemnity Company, 5 Cir., 1959, 262 F.2d 526, 529.

Applying the principles stated we are of the opinion that the District Court erred in granting Hudson's motion for summary judgment. It erred in this respect—it "decided" factual issues which went to the heart of the litigation. "The resolution of issues of fact is a jury question where cases are not tried to the court." Krieger v. Ownership Corporation, supra, 270 F.2d at page 270. In the instant case a jury trial had been demanded.

For example, the District Court's finding that the "tie-in-sales" charged by Bragen was not a monopolistic practice was clearly a factual finding as to a material fact as to which a genuine issue was presented. That that is so is apparent from the District Court's statement (168 F.Supp. at pages 235–236):

"Lastly, *any inference* that this [the "tie-in-sales"] is a monopolistic practice *is negatived* by the fact that Hudson gives full credit to the retailer for any magazines and paperbacked books it supplied which were unsold by the retailers." (Emphasis supplied.)

The impact of particular circumstances upon an inference arising from an admittedly existing factual situation calls for a factual determination which is the function of the trier of the facts and not that of the court in disposing of a motion for summary judgment. See Gray Tool Co. v. Humble Oil & Refining Co., 5 Cir., 1951, 186 F.2d 365, 367, certiorari denied 341 U.S. 934, 71 S.Ct. 854, 95 L.Ed. 1363, where it was held that "A judge may not, on a motion for summary judgment, draw fact inferences. * * * Such inferences may be drawn only on a trial."

Here, in the instance cited, the District Court "found" from the deposition, that an inference of monopolistic practice existed by reason of the unchallenged "tie-in-sales" and then proceeded to make the factual finding that the existing inference was "negatived" by other "facts".

As we earlier stated, "Documents filed in support of a motion for summary judgment are to be used for determining whether issues of fact exist and *not* to decide the fact issues themselves."

Further, in finding that "Hudson's refusal to sell is not grounded in any attempt to monopolize" the District Court made a factual finding as to a disputed material issue since Bragen charged that Hudson had a monopoly in wholesale distribution and was utilizing monopoly powers to force Bragen to submit to "tie-in sales".

Also, the District Court's finding that Hudson ceased to supply Bragen solely because of failure to pay disputed service charges, was a fact-finding inasmuch as the essence of Bragen's complaint was that the cutting-off of his supplies was the culmination of his refusal to submit to the mooted "tie-in sales".

The same is true with respect to the District Court's rather equivocal finding that "There is nothing to show that Hudson exercises any restraint over the distribution of magazines and publications other than those which it distributes." Putting aside the factor that Hudson was only charged with monopoly with respect to the wholesale distribution of publications as to which it had sole distributing rights in Hudson County, whether or not "There is nothing to show that Hudson exercise any restraint" etc. is a factual question not subject to resolution by the court in acting on a motion for summary judgment.

Lastly, the District Court's statement, with respect to the "tie-in sales" (168 F.Supp. at page 235) that " * * * the facts as set forth fail to specify an intention on the part of Hudson to destroy competition or build a monopoly" constituted a factual finding. Bragen in his complaint charged Hudson with being a de facto monopoly and with using monopolistic power to force "tie-in sales".

For the reasons stated the Order of the District Court granting Hudson's motion for summary judgment will be reversed and the cause remanded with instructions to proceed in accordance with this opinion.