**DELVAL MOTORS, INC., a Pennsylvania corporation,**

v.

**OLDSMOBILE DIVISION, GENERAL MOTORS CORPORATION, a Michigan corporation.**

Civ. A. No. 28725.

United States District Court
E. D. Pennsylvania.
May 10, 1961.

Harry A. Rutenberg, Ronald N. Rutenberg, Philadelphia, Pa., for plaintiff.

Sidney L. Wickenhaver, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendant.

EGAN, District Judge.

This case is here by diversity. The defendant is a Michigan corporation which is engaged in manufacturing automobiles, including the Oldsmobile. The plaintiff is a Pennsylvania corporation which in October 1954 obtained from the defendant a written franchise agreement

under which it became a dealer in Oldsmobiles at Hatboro, Pennsylvania. The agreement was renewed on November 1, 1955 to run until October 31, 1956. The agreement was terminated by the plaintiff before it expired and a written release was executed and delivered by plaintiff to defendant which it was thought terminated the relationship.

Plaintiff now sues the defendant for the recovery of certain sums of money. The complaint is framed in two counts. The first count is for the recovery of $11,880. for an alleged cash bonus which it is said was earned on cars sold for the defendant during the period beginning November 1954 to March 1956 inclusive. The second count is for the recovery of sums which plaintiff alleges are over-payments of transportation charges billed by the defendant from Lansing, Michigan, as a shipping point to Hatboro, Pennsylvania, whereas plaintiff alleges the cars were actually shipped from assembly plants in the nearby states of New Jersey and Delaware.

Based on a release executed by plaintiff's president and delivered to the defendant at the termination of the dealership, defendant moves in the alternative—(1) to dismiss and (2) for summary judgment on count 2 and so much of count 1 as does not involve 1956 Oldsmobiles.

Plaintiff contends that it is not bound by the release because its president was not authorized by its Board of Directors and by the other owner of plaintiff corporation's stock to execute and deliver the release. Since this was not an ordinary everyday business transaction, it raises a question of fact for determination by a jury. The defendant relies on some related facts as to the president's authority which it is not necessary to detail here and can be developed at a trial.

As to the second count in which plaintiff seeks a recovery of alleged over-payments of transportation charges, the defendant relies on the franchise agreement which, in relevant part, reads as follows:

"4. Car Shipments

"A. Mode of Shipment

Seller has the right to ship all motor vehicles and chassis purchased by Dealer hereunder by whatever mode of transportation and from whatever point it may select. However, Seller will endeavor, whenever practicable, to follow Dealer's requests with regard to routing.

"B. Prepayment of Transportation Charges

"Seller will prepay all transportation charges on shipments of motor vehicles and chassis made to Dealer hereunder, and Dealer will pay Seller, in addition to the prices otherwise provided for herein, transportation charges to be determined and set by Seller based on the published all-rail freight charges from Lansing, Michigan to Dealer's established railroad delivery point in effect on the date such shipments are delivered to carrier for transportation. In lieu of the foregoing transportation charges, Seller may establish and Dealer will pay Seller average transportation charges either on national, regional, zone or single market bases. In addition, if deliveries are made at Dealer's place of business, Seller will establish and Dealer will pay reasonable charges for such deliveries."

It must be clear that if the release is invalid and not binding on plaintiff, another question of fact may be presented for determination by a jury. See Krieger v. Ownership Corporation, 3 Cir., 1959, 270 F.2d 265; Lawlor v. National Screen Service Corp., 3 Cir., 1956, 238 F.2d 59, 65, judgments vacated on other grounds 1957, 352 U.S. 992, 77 S.Ct. 526, 1 L.Ed.2d 540; Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 3 Cir., 1951, 190 F.2d 817, 824.

The defendant's motions to dismiss and for summary judgment will be and hereby are denied. It is so ordered.