Sylvester A. LAPIERRE and Arthur S.
Ansen, Plaintiffs

v.

FEDERATED PLANS, INC., a corporation, Defendant.

Civ. A. No. 17456.

United States District Court
W. D. Pennsylvania.

June 12, 1961.

John H. Duff, of Duff, Scott & Smith, Pittsburgh, Pa., for plaintiffs.

Thomas J. Donnelly, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

Plaintiffs brought this action to recover damages arising out of defendant's alleged breach of a written contract and written supplement thereto. Plaintiffs contend that the said written supplement gave plaintiffs the exclusive right within a certain area of Europe denominated by the parties as the "Southern Area Command territory" to sell certain investment plans "sponsored" by the de-

fendant corporation. It is the plaintiffs' position that the defendant breached this provision of the contract by permitting other agents to sell defendant's investment plans in the area exclusively allotted to the plaintiffs.[1]

The defendant has moved for summary judgment on the ground that "Plaintiffs have failed to meet the burden of proof of 'Exclusive Contract Rights' which by their own admission are essential for proof of their claim."

We think that the motion should be denied.

In this Circuit the principles which are applicable to the consideration of a motion for summary judgment are as follows:

■ The moving party has the burden of showing that there is no genuine issue of a material fact,[2] which under the applicable substantive law would entitle him to judgment as a matter of law.[3]

"* * * [S]ummary judgment may be granted only if * * * '* * * there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law.' Fed. R.Civ.P. 56(c), 28 U.S.C.; see F. A.R. Liquidating Corp. v. Brownell, 3 Cir., 1954, 209 F.2d 375. Any doubt as to the existence of a genuine issue of fact is to be resolved against the moving party. Sarnoff v. Ciaglia, 3 Cir., 1947, 165 F.2d 167, 168. * * * [D]ocuments filed in support of a motion for summary judgment are to be used for deter-mining whether issues of fact exist and not to decide the fact issues themselves. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580." Lawlor v. National Screen Service Corporation, 3 Cir., 1956, 238 F.2d 59, 65, judgment vacated on other grounds, 1957, 352 U.S. 992, 77 S.Ct. 526, 1 L.Ed.2d 540.

■ The plaintiffs contend that the "Supplement to Original Contract" dated September 11, 1956, gave them the exclusive right to sell defendant's investment plans in the "Southern Area Command territory" of Europe, and they point to the wording of the said supplement to support this contention.[4] Plaintiffs do not contend that the original contract gave them any exclusive rights. Defendant argues that in the first place there was no consideration for the supplement and it is, therefore, not binding; and in the second place that the language of the supplement does not support plaintiffs' contention. Now, unless we can find as a *matter of law* from the wording of the contract documents themselves that (1) there was no consideration for the supplement, *or* (2) that they did not give plaintiffs the exclusive right to sell defendant's investment plans in the area designated therein, the motion must be denied, for it is obvious that without such a finding there would then remain a "genuine issue of a material fact" which would preclude the entry of summary judgment in favor of defendant. Lawlor v. National Screen Service Corporation, supra.

1. Plaintiffs in their complaint alleged various other breaches of the contract in suit and claimed damages for those breaches, but at a supplemental pretrial conference and argument on the motion here under consideration, they withdrew all claims except the one above mentioned. See the supplemental pretrial order dated May 25, 1961.

2. Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 3 Cir., 1951, 190 F.2d 817.

3. Moore's Federal Practice, vol. 6, § 56.-15 [3], p. 2123.

4. The body of the supplement (Ex. B to the complaint) states as follows:
"*Supplement to original contract:* Between Federated Plans, Inc. and Ansen and Lapierre.
"The territory of operation in the Original Contract covered Europe as agents. The supplement authorized Ansen and Lapierre as exclusive Regional Managers of the Southern Area Command territory.
"Other than this restriction of territory, there are no other changes effected in the Original Contract."

The original contract [5] provided, inter alia:

"The Representative [plaintiffs] is hereby authorized * * * to personally solicit applications for and to sell Systematic Investment Plans and Fully-Paid Plans sponsored and distributed by the Sponsor [defendant], and shall have the right, *but not exclusively,* to operate as Representative for the purposes aforesaid in the following territory and shall operate hereunder only in such territory, to-wit:

"Europe as designated by Federated Plans, Inc." (Emphasis supplied.)

Plaintiffs contend that the original contract permitted them to operate *throughout that portion of the continent of Europe which was occupied by the Armies of the United States* and that in *consideration* of the provisions of the supplement, plaintiffs agreed to operate in a restricted area known as the "Southern Area Command territory". Defendant contends that the original contract did not give plaintiffs the right to operate throughout that occupied portion of Europe, but only such portion as *"designated by"* defendant, that the supplement constituted this designation, and that since defendant was simply exercising a right conferred by the original contract, plaintiffs gave up nothing in the supplement and there was, therefore, no consideration for it.

We certainly cannot say as a matter of law that there was no consideration for the supplement.

If plaintiffs' contended construction is correct, then there was consideration for the supplement, for the *relinquishment* of a contract right (i. e., the right to sell throughout that portion of Europe occupied by the Armies of the United States) would certainly be valid consideration for the supplement. See Willis-

ton on Contracts, Third Edition, § 135A, p. 570; Dreifus v. Columbian Exposition Salvage Co., 1900, 194 Pa. 475, 45 A. 370, 371. And if defendant's contention is correct, there was no consideration for the supplement. But, the phrase "Europe as designated by Federated Plans, Inc." is ambiguous. We cannot say as a matter of law that it means "that portion of Europe which is occupied by the Armies of the United States, as *has been* designated by Federated Plans, Inc.", as plaintiffs seem to contend, or that it means "Europe, that part of Europe as *will be* designated by Federated Plans, Inc.", as defendant apparently contends. In Gill v. Benjamin Franklin Realty & Holding Co., 3 Cir., 1930, 43 F.2d 337, 338, it was stated:

"When the language used in a written instrument is ambiguous, vague or uncertain and is fairly susceptible of two constructions, parol evidence is always admissible to show the situation of the parties and the circumstances under which the written instrument was executed for the purpose of ascertaining the intentions of the parties and of properly construing the instrument. There is one paramount rule of construction to which all others are subordinate and that is to ascertain the intention of the parties and to give effect to that intention if it can be done consistently with legal principles in order that the parties may be bound by what they intended to be bound by and nothing more. Merriam v. United States, 107 U.S. 437, 2 S.Ct. 536, 27 L.Ed. 531; Bubb v. Parker & Edwards Oil Company, 252 Pa. 26, 97 A. 114; Bangor Peerless Slate Company v. Bangorvein Slate Company, 270 Pa. 161, 113 A. 190."

In United States v. Farmers Mut. Ins. Ass'n of Kiron, Iowa, 8 Cir., 1961, 288 F. 2d 560, 564–565, the Court in reversing the granting of summary judgment

---

5. Apparently there were actually two original contracts—identical in all respects except that one was between plaintiff Lapierre and the defendant (Ex. A to the complaint), and the other between plaintiff Ansen and the defendant (Ex. 3 to the defendant's answer).

against the United States by the District Court stated:

"We believe that the contract is at least ambiguous in this respect. In case of ambiguity, parol evidence is admissible to aid the court in construing the contract, and the Government should have an opportunity to offer evidence to aid the court in the construction of the provision in question."

Since we cannot ascertain the intent of the parties from the contract documents themselves, resort to extrinsic evidence will be necessary, and defendant's first point will not support its motion since a genuine issue of fact remains.

We think that the defendant's second point must fail for substantially the same reasons heretofore advanced. We believe that the intent of the parties as expressed by the phrase "exclusive Regional Managers of the Southern Area Command territory" is uncertain and ambiguous. Plaintiffs contend that this phrase gave them the *exclusive* right to sell defendant's investment plans in the "Southern Area Command territory". Defendant argues that the phrase when read in the light of the original contract (which contained a provision relating to plaintiffs' territory and separate provisions relating to payment of commissions) and the final sentence of the supplement which states:

"Other than this restriction of territory, there are no other changes effected in the Original Contract."

clearly indicates that there was no intent to give plaintiffs any exclusive right to sell or right to commissions resulting from sales of agents other than plaintiffs themselves or those agents actually hired and supervised by plaintiffs.

But the supplement is ambiguous and unclear in several important respects. First, the term "regional managers" is obviously a term of the trade or of defendant's business. We have no way of ascertaining from the contracts in suit what the term means or what rights and duties are conferred and imposed by it.

See Gill v. Benjamin Franklin Realty & Holding Co., supra. Moreover, while the final sentence of the supplement states that other than the *restriction of territory*, there are no other changes in the original contract, it is obvious that there was at least one other change, viz.: changing plaintiffs' status from non-exclusive "Representative" to "exclusive Regional Managers". Extrinsic evidence will be required to resolve some or all of these ambiguities, see Gill v. Benjamin Franklin Realty & Holding Co., supra. As a result, there remain genuine issues of fact which preclude the entry of summary judgment. Lawlor v. National Screen Service Corporation, supra; United States v. Farmers Mut. Ins. Ass'n of Kiron, Iowa, supra.