**Howard SMITH**

v.

**The HOBART MANUFACTURING CO.**

v.

**HOLIDAY FROSTED FOOD COMPANY.**

**Civ. A. No. 23264.**

United States District Court
E. D. Pennsylvania.

Dec. 12, 1962.

**582**

Benjamin Kuby, Philadelphia, Pa., for plaintiff.

Pepper, Hamilton & Scheetz, by John B. Hannum, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This case is before the Court on the defendant's Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. The facts of this case are thoroughly set out in the opinion of the United States Court of Appeals which reviewed the second trial of this controversy.[1]

The defendant's Motion for Summary Judgment is predicated on the basis that there is no factual dispute for the jury to decide. It is contended by the defendant that the issue of liability as framed by the Court of Appeals is purely hypothetical and allows the jury to resort to conjecture in reaching its verdict. We cannot agree with this proposition in the light of the opinion by Judge Ganey at page 576, where he states:

> "We think Smith was prevented from having his day in court on this issue, and, in the interest of justice he should be awarded a new trial, limited to the proof that the guard would not have prevented his injuries."

No clearer mandate could be given to a trial court. This issue was not presented to the jury at the second trial. The defendant would have us apply the testimony given at the first trial to substantiate its Motion for Summary Judgment in this proceeding. Even if this were done, it still leaves a disputed issue of fact raised by the plaintiff's complaint which alleged the defective design of the machine throughout paragraph 11. Also, expert testimony was offered pro and con as to whether the guard would have prevented Smith's hand from slipping into the worm of the meat grinder. This testimony was excluded by the Court at the second trial. Therefore, a genuine issue of fact does exist which must properly be submitted to a jury. The record contains sufficient genuine disputes as to a material fact that a motion under Rule 56, F.R. Civ.P. may not be granted. Bragen v. Hudson County News Company, 278 F. 2d 615, 617 (3 Cir., 1960). Further-

1. Smith v. Hobart Manufacturing Co., 302 F.2d 570 (3 Cir., 1962).

more, the rule in this Circuit is that the formal allegations of a pleading are enough to raise a genuine issue as to any material fact. This is so even against a detailed showing by affidavits and depositions to the contrary. Frederick Hart v. Recordgraph Corp., 169 F. 2d 580 (3 Cir., 1948), and Reynolds Metals Co., v. Metal Disintegrating Co., 3 Cir., 176 F.2d 90 (1949).

Hobart has been faced with a heavy burden to show that no genuine issue of material fact exists in this case, especially in view of the opinion of Judge Ganey, supra, footnote 1. Hobart has not successfully carried that burden and the motion must be denied.