PHILCO CORPORATION, Lansdale Tube Company, Plaintiffs,

v.

RADIO CORPORATION OF AMERICA, General Electric Company, American Telephone and Telegraph Company, Western Electric Company, Incorporated, Bell Telephone Laboratories, Incorporated, Defendants.

Civ. A. No. 21923.

United States District Court
E. D. Pennsylvania.
Feb. 28, 1964.

Hamilton C. Connor, Jr., Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for plaintiffs.

Charles J. Biddle, Drinker, Biddle & Reath, Philadelphia, Pa., for defendant General Electric Co.

CLARY, Chief Judge.

This case is presently before the Court for disposition of the motion of General Electric Company (GE), one of the

named defendants, for summary judgment, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A.

A full recitation of the facts of this case is unnecessary since they can be found in Philco Corporation v. Radio Corporation of America, 186 F.Supp. 155, 157, 158 (D.C.1960), in which this Court granted a partial summary judgment in favor of all the defendants based on the statute of limitations. One fact which may be added is that in January of 1963, Philco Corporation settled its suit with defendant, Radio Corporation of America (RCA), [GE's Request for Admissions, Docket Paper No. 105, Exhibit No. 47(a)].

After considering the briefs, affidavits, and pleadings submitted by both parties and the oral arguments presented, this Court is of the opinion that at this time the motion for summary judgment cannot be granted.

In Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1961), the Court reversed the granting of a summary judgment for defendant in a civil antitrust case where conspiracy was the key issue, and stated:

"We believe that summary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot. It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised. Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of 'even handed justice'".

The instant case is most complex in that it concerns an alleged electrical patent pool conspiracy involving the giants of the electrical industry, namely, RCA, GE, American Telephone and Telegraph Company, Westinghouse Electric Corporation, Western Electric Company, Incorporated, and Bell Telephone Laboratories, Incorporated. The defendants have taken many depositions of Philco employees, whereas, to date, Philco has yet to depose any employees of GE. At this juncture of the case, in light of the status of the discovery proceedings, this Court feels that it would be not only unfair to the plaintiff but indeed patently erroneous to grant the present motion before plaintiff proceeds with its discovery. There can be no doubt that summary judgments have a place in the antitrust field as elsewhere, White Motor Co. v. United States, 372 U.S. 253, 83 S.Ct. 696, 9 L.Ed.2d 738 (1963). In fact, this Court has so ruled on at least two occasions, once in this very litigation, as already mentioned, and much earlier in United States v. Krasnov, 143 F.Supp. 184 (D.C.1956), aff'd. 355 U.S. 5, 78 S.Ct. 34, 2 L.Ed.2d 21 (1957). However, with virtually only one-half of the present case before it, the Court will not invoke this remedy at the present time.

Particularly pertinent to the instant case is Toebelman v. Missouri-Kansas Pipe Line Co., 130 F.2d 1016 (3 Cir. 1942) in which case Circuit Judge Maris stated at page 1022:

"We accordingly conclude that the district court erred in entering summary judgment for the defendants as to the accounting cause of action. The case must, therefore, go back for further proceedings as to this cause of action in order to afford the plaintiffs an opportunity to produce evidence of the facts necessary to support the relief for which they ask. It is obvious that this evidence must come largely from the defendants. This case illustrates the danger of founding a judgment in favor of one party upon his own version of facts within his sole knowledge as set forth in affidavits pre-

pared ex parte. Cross-examination of the party and a reasonable examination of his records by the other party frequently bring forth further facts which place a very different light upon the picture. The plaintiffs should, therefore, be given a reasonable opportunity, under proper safeguards, to take the depositions and have the discovery which they seek. Under this procedure all the issues involved in the accounting cause of action will be open for further proof and determination."

After plaintiff has had an opportunity for discovery, it may be that no genuine issue exists as to any material fact, at which time granting a summary judgment would be proper. Conversely, it may appear that a genuine issue does exist, but in either event, until plaintiff does at least have an opportunity for discovery, this Court cannot grant the relief requested.

In this case, a jury trial has been demanded and this right cannot be abrogated if a genuine issue of fact exists. In Cameron v. Vancouver Plywood Corporation, 266 F.2d 535 (9 Cir. 1959), the Court in noting the caution to be used in granting summary judgment, stated, "it is especially necessary to be cautious in making such a determination where, as here, a jury trial has been demanded." This was cited with approval by Circuit Judge Kalodner in Bragen v. Hudson County News Co., 278 F.2d 615 (3 Cir. 1960). That summary judgment is a useful tool in clearing dockets is well known, but an individual's right to a trial, if disputed facts exist, is at all times paramount.

The Court is cognizant of the recent amendment to Rule 56(e) of the Federal Rules of Civil Procedure, Title 28 U.S. C.A., which, in its pertinent part, now reads:

"When motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The defendant places great reliance on the above and argues that at the time the plaintiff filed its brief in opposition to the present motion, it was aware of the amendment and its effect on this particular proceeding. The defendant argues further that due to this awareness there was an absolute duty on plaintiff to come forward with countervailing proof to offset the defendant's evidence or suffer a summary judgment. However, plaintiff has filed its affidavit in opposition to the present motion in the nature of a confession and avoidance. From this affidavit it appears that not only has Philco not deposed any employees, officers, or directors of GE, but also that it has not taken, nor has it had an opportunity to take, any depositions at all in this action.

Plaintiff has not been able, due to discovery by defendant, to aggressively pursue its discovery. It may, on the other hand, not intend to depose any witnesses. The Court feels, however, that before invoking the drastic remedy of summary judgment in a case so complex as this, the plaintiff should be given an opportunity to pursue discovery by way of oral depositions. It is the judgment of the Court that plaintiff should promptly pursue discovery with a view to the establishment of facts that would show some participation of GE in the alleged conspiracy within the established limitations previously determined. The Court considers that four months' time would be an appropriate period. An Order to that effect will be entered.