ABE LASKOWITZ, Respondent, *v.* ISRAEL GETZOWITZ and Others, Appellants.

Third Department, January 7, 1925.

Mortgages — real property mortgage — validity — action to foreclose — defense of usury — evidence shows that mortgagee received $900 bonus on $3,900 mortgage — mortgage is invalid and should be, under General Business Law, § 373, canceled of record.

The mortgage which the plaintiff seeks to foreclose in this action in which the defendant interposed the defense of usury, should, under section 373 of the General Business Law, be discharged and canceled of record, since it appears that the mortgagee received a bonus of $900 from the mortgagor and that the mortgage was given to secure $3,900; the loan made by the mortgagee was usurious.

APPEAL by the defendants, Israel Getzowitz and others, from a judgment of the County Court of the county of Sullivan in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 16th day of June, 1924, upon the decision of the court rendered after a trial before the court without a jury.

*John D. Lyons* [*Nellie Childs Smith* and *John Bright* of counsel], for the appellants.

*Isadore Rothenberg*, for the respondent.

VAN KIRK, J.:

The defendants Israel Getzowitz and Jacob Forkos borrowed from the plaintiff a sum of money and gave to the plaintiff a bond and mortgage for the sum of $3,900, and provided for payment in three equal annual payments of $1,300, besides interest at six per cent. Default having been made, this action was begun to foreclose the mortgage. The defendants set up as a separate defense and as a counterclaim and in bar of the action, that the defendants negotiated a loan from plaintiff of $3,000, and plaintiff exacted from them therefor a bonus of $900, in addition to the lawful interest, and that the bond and mortgage are void for usury. No reply was made to this part of the answer. The issue tried was usury and the case was tried and decided by the court without a jury.

The transaction developed as follows: The defendants applied to the plaintiff for a loan; after the preliminary negotiations the

agreement was made. The plaintiff, the two defendants and plaintiff's attorney, Rothenberg, met at this attorney's office. The bond and mortgage were delivered to plaintiff; he drew his check payable to the defendants for $3,900. The defendants and the attorney went to the First National Bank of Woodridge, N. Y.; the plaintiff went apparently to his home. The defendants indorsed this check; the attorney made out the deposit slip in the name of defendants and the proceeds of the check were credited to their account. The attorney then drew two checks, one for $63.95, payable to himself, and one for $900 payable to cash. These checks defendants signed; they delivered to the attorney the smaller check and went with him to the paying teller's window, where they drew $900 in cash, which money was immediately given to the attorney; the attorney made out a deposit slip and handed the deposit slip with the cash and some checks back through the window. The defendants on the way from the bank met the plaintiff, who asked them if the transaction was closed and to whom the $900 was paid. The defendant Forkos replied that it was turned over to the attorney. The transaction as above stated is in part disputed, but the exhibits establish its correctness. On October 3, 1922, the day these parties were at the bank, there was but one deposit slip made out in the name of the attorney and on that deposit slip were two items, one cash $900, the other checks, M. Glassgold, $480. The $900 check, payable to cash, required no indorsement to negotiate it. The attorney had no interest whatever in the payment by defendants of any one of their creditors. The check for $63.95 was made payable to the attorney, disclosing the destination of the proceeds; the check payable to cash did not disclose the destination of the proceeds; the attorney could not or would not disclose from what source he received the $900 which he deposited to his credit. The truth bulks too large to be overlooked by the court. The contract of loan between the plaintiff and the defendants was usurious. The plaintiff exacted from the defendants a greater sum for the loan of the money than is prescribed by law. (Gen. Business Law, §§ 370, 371.) The bond and mortgage are void and they should be canceled and discharged. (Gen. Business Law, § 373.)

The judgment should be reversed and the complaint dismissed.

All concur.

Judgment reversed on the law and facts, and complaint dismissed, with costs. The court disapproves of findings of fact seventh, eighth and eleventh and of that part of the sixth finding in substance that the sum of $3,900, with interest at the rate of six per cent, is now due and payable; and finds that the plaintiff agreed to loan to the

defendants the sum of $3,900 and exacted from them that there should be reserved $900 for the loan of the money in addition to lawful interest; that the bond and mortgage, given as security and evidence of the debt, were given and received in violation of the statute, are void and should be surrendered and canceled.