PETER MICHAELS, Plaintiff, *v.* HERMAN SINGLE and Others, Defendants.

Supreme Court, Onondaga County, November 18, 1930.

*Lewis Howlett* [*James K. Kennedy* of counsel], for the plaintiff.

*G. Harold Merry*, for the defendants.

DOWLING, J. December 13, 1915, defendant Herman Single, being the owner of a parcel of land in Syracuse, particularly described in the complaint, with his wife, Elizabeth, borrowed $3,500 from the Oneida Savings Bank of Oneida, N. Y., executed the usual bond for the payment of said debt and, as collateral security for the payment of said bond, they gave a mortgage covering said realty, having the same conditions as the said bond, which mortgage was duly recorded in Onondaga county clerk's office on said date. On April 4, 1930, said bank assigned said bond and mortgage to the plaintiff, which assignment was recorded in Onondaga county clerk's office on said date. The principal sum of said mortgage was payable December 3, 1916.

On June 7, 1918, defendants Herman Single and Elizabeth L. Single, his wife, conveyed said realty to the defendant Herman J. Single, Jr., by warranty deed, recorded in Onondaga county clerk's office August 12, 1918.

On the 25th of March, 1926, the defendants Herman J. Single, Jr., and Edna F. Single, his wife, executed to Jeremiah Murphy, of Syracuse, N. Y., an alleged bond in the amount of $5,000, and as security for the payment of said bond they executed to said

Murphy an alleged mortgage in the amount of $2,500 covering the above-described premises. The said mortgage was recorded in Onondaga county clerk's office on the 25th of March, 1926, and on the same date said Murphy assigned said alleged bond and mortgage to the plaintiff, which assignment was recorded in Onondaga county clerk's office on said date.

On the 28th of September, 1927, said Herman J. Single, Jr., and Edna F. Single, his wife, conveyed said real property to the defendant John Single by deed recorded in Onondaga county clerk's office October 29, 1928, who did not assume or agree to pay either of said mortgages.

The defendant Herman J. Single, Jr., paid $600 upon the principal of said first mortgage and the interest thereon to January 1, 1930. No further payments of principal or interest were made upon said mortgage by anybody.

Defendant Herman J. Single, Jr., paid to the plaintiff the sum of $750 upon the alleged second mortgage, plus interest thereon to October 1, 1929. No other payments of principal or interest were made by anybody upon said mortgage.

After default in the payment of principal and interest upon both of said mortgages, plaintiff instituted this action to foreclose said mortgages.

All of the defendants concede that there is due and unpaid upon the first mortgage the sum of $2,900, with interest thereon since January 1, to April 5, 1930.

Defendants John Single and Mabel Single set up as a defense against the foreclosure of said first mortgage that prior to the commencement of said action and on April 5, 1930, said John Single offered to pay the principal sum of said mortgage, plus accrued interest thereon, but that the plaintiff refused to accept the same unless said John Single also paid the principal sum of said alleged second mortgage with accrued interest and that such offer bars plaintiff from the maintenance of the first cause of action stated in the complaint.

No actual tender of the sum due and unpaid on said first mortgage was made by the defendant to the plaintiff. Defendants John and Mabel Single maintain that no tender was necessary, charging that said second mortgage was usurious and void, and was an unlawful demand in the hands of the plaintiff; that plaintiff wrongfully coupled his refusal of said offer of payment with a demand for payment of said second mortgage, which he had no right to make. If such be the fact, the law will dispense with the making of a tender. (*Hoyt* v. *Sprague*, 61 Barb. 497, 506; 38 Cyc. 134, § C; *Murray* v. *Bryan*, 196 App. Div. 908.)

The evidence is to the effect that on April 5, 1930, and before the commencement of this action, defendant John Single offered to pay, and was able to pay, the plaintiff the principal and interest which had accrued thereon, but that plaintiff refused such offer, unless said John Single first paid the principal sum and accrued interest on said alleged bond and second mortgage, which proposal John Single declined to accept, on the ground that said instruments were sham and void.

Defendants Herman J. Single, Jr., Edna L. Single, John Single and Mabel Single interposed answers to the second cause of action alleged in the complaint herein for foreclosure of said alleged second mortgage, setting up as affirmative defenses and counterclaims that said bond and mortgage were usurious and void from their inception and should be delivered up and canceled of record. Plaintiff interposed replies to said counterclaims.

The evidence is to the effect that on March 15, 1926, defendant Herman J. Single, Jr., made an appointment with the plaintiff to meet him at the Hotel Onondaga, Syracuse. They met. Herman J. Single, Jr., informed the plaintiff that he wished to borrow $3,000 on second mortgage, covering the aforesaid real property, to take up a second and a third mortgage which were then standing against the said property. Plaintiff replied he did not care to loan $3,000, but would look the property over. He visited said property, informed said Herman J. Single, Jr., that he would make a loan thereon, but not to the extent of $3,000. Said Herman J. Single, Jr., thereupon informed the plaintiff he would be satisfied if he could get $2,000, whereupon plaintiff informed him that he would loan him $2,000, providing said Herman J. Single, Jr., would give him a mortgage in the amount of $2,500, saying he always had had a discount of twenty per cent when he made loans and would have to have a like discount if he should make the requested loan. Herman J. Single, Jr., accepted plaintiff's proposition. It was agreed that plaintiff should engage an attorney to prepare the usual bond and mortgage, which plaintiff did. Bond and mortgage were drawn to plaintiff as mortgagee. Plaintiff visited the said attorney's office, read said proposed bond and mortgage, and informed the defendant Herman J. Single, Jr., that he would not accept said bond and mortgage running directly to him; that it would have to come through a third party and be assigned to him; that said Herman J. Single, Jr., and his wife also would have to execute to him an estoppel agreement. Whereupon, Herman J. Single, Jr., suggested that the mortgage be drawn to Jeremiah Murphy, a friend of his. The same attorney then

prepared an alleged bond and mortgage running to Murphy, an alleged estoppel certificate and an assignment of said bond and mortgage to the plaintiff. Herman J. Single, Jr., and his wife signed said alleged instruments, and Murphy signed said assignment. The said alleged bond, mortgage, assignment and estoppel certificate were delivered directly to plaintiff. No delivery of said instruments was ever made to Murphy. After receipt of said instruments, plaintiff prepared two checks totaling $2,000, payable to the order of Murphy, which Murphy indorsed and turned over to the defendant Herman J. Single, Jr. . Murphy was not acquainted with the plaintiff prior to the occasion when he indorsed said first check. Murphy paid nothing to defendant Herman J. Single, Jr., or Edna L. Single for said bond and mortgage, and actually received no consideration for the assignment thereof to the plaintiff.

The evidence is perfectly clear that the transaction took the form it did as a cover for usury. Said alleged bond and mortgage were tainted with usury from their inception and were fundamentally sham, and, therefore, void. (General Business Law, § 373; *Weiss* v. *Schildkraut*, 116 Misc. 285, 286, 287; *Verity* v. *Sternberger*, 62 App. Div. 112, 114; *Miller* v. *Zeimer*, 111 N. Y. 441, 444; *Weaver Hardware Co.* v. *Solomovitz*, 235 id. 321, 331; *Laskowitz* v. *Getzowitz*, 211 App. Div. 239, 240.)

John Single, as the privy and grantee of Herman J. Single, Jr., can avail himself of the defense of usury to the same extent as Herman J. Single, Jr., could. (*Yormark* v. *Waldman*, 127 Misc. 748, 749.)

Plaintiff knew that the estoppel certificate delivered to him was sham and false; consequently, it is of no avail to him as an estoppel against the charge of usury. (*Verity* v. *Sternberger*, 62 App. Div. 112, 115.)

The alleged bond and second mortgage, being void for usury, must be surrendered, canceled and the said mortgage discharged of record. (General Business Law, § 373; *Laskowitz* v. *Getzowitz*, *supra*, 240.)

In view of the fact that John Single, prior to the commencement of this action, in good faith, and with ability to do so, offered to pay plaintiff the amount due as principal and interest upon the bond and first mortgage, and that plaintiff unjustly and wrongfully refused to accept such payment, plaintiff cannot maintain said first cause of action, and defendants' motion to dismiss the same is granted, with an exception to the plaintiff. Defendants' motion to dismiss the said second cause of action is granted, with an exception to the plaintiff.

The proper defendants are entitled to judgment upon their

counterclaim decreeing said alleged bond and second mortgage to be sham, usurious and void and directing that said instruments, together with said estoppel certificate, be surrendered and canceled and said mortgage discharged of record.

Judgment for defendants is directed accordingly, with costs.