LIVINGSTON HATCH and Another, Plaintiffs, *v.* CHILTON F. BAKER and Others, Defendants.

Supreme Court, Essex County, April 8, 1931.

*Charles M. Harrington,* for the plaintiffs.

*Ainsworth & Sullivan,* for the defendants.

HEFFERNAN, J.   This is an action for the foreclosure of a mortgage upon real estate given by some of the individual defendants to secure to plaintiffs the sum of $30,000. Subsequently to the execution and delivery of the mortgage the premises were con-

veyed by the mortgagors to the corporate defendant, Buena Vista Country Club, Inc. In the deed it is expressly recited that the conveyance is made subject to the mortgage debt.

The mortgagors have not appeared in the action. With the exception of the corporation referred to the remaining defendants who have answered are second mortgagees whose lien was acquired subject to plaintiffs' prior mortgage. The answering defendants allege as a complete defense to this action that the mortgage in question is usurious and void. The corporate defendant has also interposed a counterclaim in which it seeks to recover from plaintiffs the sum of $8,000, principal and interest, which it has paid on the alleged usurious lien. Plaintiffs have moved to strike out the defense of usury as insufficient in law and also to strike out the counterclaim on the ground that it does not state facts sufficient to constitute a cause of action.

The defense of usury is personal to the borrower or those in privity with him. The contractors of the debt could of course attack the transaction. They have not done so. The purchaser of property incumbered by a mortgage, given to secure a debt tainted with usury, does not stand on the same ground. He is not a needy debtor who should be protected against the oppressive exaction of an avaricious lender. The corporate defendant expressly assumed the payment of the debt which it now characterizes as usurious. Because of its assumption of this obligation it is now prohibited from contesting the validity of the lien. Presumably it obtained an abatement of the purchase price equal to the amount of the usurious debt. To allow it to avoid the mortgage, therefore, would be to permit it to escape the payment of a part of the purchase price. Assuming for the purpose of this discussion that the land is incumbered by an usurious mortgage, the vendee took the equity of redemption merely and cannot question the validity of the lien on the ground of usury. The law is well settled in this State that the purchaser who takes a conveyance of the premises from the mortgagor, subject to the lien and payment of a mortgage, cannot set up the defense of usury against such mortgage and thus obtain an interest in the land which the mortgagor never agreed or intended to transfer to him. (*Sands* v. *Church*, 6 N. Y. 347; *Hartley* v. *Harrison*, 24 id. 170; *Matter of Oakes*, 248 id. 280; *Morrill Realty Corp.* v. *Rayon Holding Corp.*, 254 id. 268.)

The statute against usury is designed to give protection to the borrower against the greed of the lender, and not to afford to a mere adventurer who may step into the shoes of the borrower a right to speculate on a violation of law which does him no harm and causes him no loss. When the borrower sells his interest

in the land he has pledged for the payment of an usurious debt, subject to that debt, he recognizes the validity of the debt and waives the benefit of the statute (Gen. Business Law, art. 25). After the party aggrieved has forgiven the injury it would not be consonant with either justice or reason to allow a stranger to set it up for his own personal advantage. He should not be permitted to make capital out of the wrongs of another as a means of relieving his property from a burden it was understood it should bear at the time he acquired it. (*Lee* v. *Stiger*, 30 N. J. Eq. 610.) The corporate defendant and the subsequent mortgagees are not borrowers within the meaning of the statute. The defense of usury is not open to them.

For the reasons stated the corporate defendant is not in a position to assert its counterclaim.

The motion is, therefore, granted and the defense and counterclaim are stricken out, with ten dollars costs to plaintiffs. The defendants may have the usual leave to plead over, if so advised, within five days after service of the order to be entered hereon, on condition, however, that they also stipulate to try this cause at the next trial term to be held in the county of Essex.