PAULINE SHERLING, Appellant, v. GALLATIN IMPROVEMENT CO., INC., and Others, Defendants, Impleaded with JACOB BAKRAT and Others, Respondents.*

Second Department, January 9, 1933.

*Stuart M. Miller* [*Abraham Miller* with him on the brief], for the appellant.

*Philip F. Wexner,* for the respondents.

KAPPER, J. The action is brought for the foreclosure of a mortgage. The complaint is in the usual form. The sixth para-

* Revg. 145 Misc. 734.

graph of the complaint alleges a failure of the defendants to pay principal and interest on the due date, and that " there is now due to the plaintiff upon said bond and mortgage " the principal sum of $14,750, with interest. Defendants, respondents, Jacob Bakrat and Jacob Bakrat, Inc., by their answer specifically denied " each and every allegation contained in paragraph of the complaint numbered ' Sixth.' " A separate answer by defendant, respondent, Simon Bachrach, makes a like denial. There is then set forth in these answers, in precisely the same language, the affirmative defense of usury in the granting by plaintiff of an extension on March 20, 1929, for three years, of the time for the payment of the money due under the bond and mortgage mentioned in the complaint. After alleging in this affirmative defense that the extension was obtained upon the payment " by the defendants to the plaintiff " of the sum of $3,800 " in addition to interest at the rate of 6% per annum on the balances due under said bond and mortgage," the defense then alleges:

" *Third.* That such extension agreement was in fact made between the plaintiff and the individual defendants Jacob Bakrat and Dora Bakrat, his wife, but in form only, said extension agreement was made through Jacob Bakrat, Inc., a corporation formed for the sole purpose of attempting to evade the provisions of the General Business Law of the State of New York.

" *Fourth.* That by reason of the premises, said bond, mortgage and extension agreement upon which this action is based are void and unenforceable for the reason that it is [*sic*] based on an unlawful and usurious rate of interest."

Plaintiff moved for judgment on the pleadings " on the ground that the denial contained in the answers of defendants Simon Bachrach, Jacob Bakrat and Jacob Bakrat, Inc., is sham," and further, " on the ground that the matter alleged in said answers does not constitute a defense."

In her moving affidavit plaintiff states her ownership of the bond and mortgage and the failure of the defendants to pay the principal and interest on March 20, 1932, and the present indebtedness to the plaintiff of the principal sum, claiming further that the denial of these facts as set forth in paragraph " sixth " of the complaint " is a mere pretense, interposed in bad faith and without color of fact," and that " none of said defendants affirmatively pleaded the defense of payment."

Under the authority of *Fleischer* v. *Terker* (259 N. Y. 60), the denial may not be regarded as sham on mere inspection, and that " If it is to be disposed of on motion, its falsity must be determined by affidavits."

An examination of the single opposing affidavit, of which defendant Jacob Bakrat is the affiant, discloses only that the defense of usury is relied on, and makes no claim that the amount alleged to be due is not due apart from the claim of usury by which it is sought to invalidate the extension of the mortgage. The averments are: " Your deponent was unable to raise that amount in cash and, therefore, urged the plaintiff for the renewal. The plaintiff then stated that the mortgages would be renewed only on condition that the defendant would pay, in addition to the 6% annual interest, a cash bonus in advance of $3,800.00. The plaintiff also stated that before the mortgages would be extended, a corporation would have to be formed and a deed would have to be made transferring these properties to that corporation so that the corporation could make the extension agreement. That accordingly, the deponent acquiesced to the plaintiff's demands and Jacob Bakrat, Inc., was organized, and the properties were transferred to that corporation for the sole purpose of consummating the extension agreement. The extension agreements were signed and $3,800 in cash was paid by your deponent."

It was the view of the learned Special Term that the defense of usury presented a triable issue, and a distinction was drawn by the learned justice between the case at bar and *Jenkins* v. *Moyse* (254 N. Y. 319), in which cited case the defendant refused to lend to the individual and told him to organize a corporation if he wanted the loan, whereas, in the case at bar, the plaintiff stated what the excerpt from the affidavit shows. He held that " In the *Jenkins* case the corporation was formed expressly to make the loan," while here " the corporation was formed to conceal the loan agreed to be made to the individual."

The facts establish that defendant Gallatin Improvement Co., Inc., on December 10, 1923, made the bond and mortgage to one Barad who, on March 20, 1929, assigned the same to plaintiff; that on August 5, 1924, said Gallatin Improvement Co., Inc., conveyed the premises to defendant Jacob Bakrat; that on March 19, 1929, Jacob Bakrat conveyed the premises to Jacob Bakrat, Inc.; that on February 28, 1930, Jacob Bakrat, Inc., conveyed to defendant Jacob Bakrat; that on June 15, 1931, Jacob Bakrat conveyed to Abraham Goldman; and on February 11, 1932, Goldman conveyed the premises to defendant Simon Bachrach.

No claim for deficiency is made against any defendant other than Gallatin Improvement Co., Inc., and Jacob Bakrat, Inc.

Defendant Gallatin Improvement Co., Inc., defaulted; and it is not questioned that defendant Jacob Bakrat, Inc., cannot interpose the defense of usury. That the mortgage was valid in its

inception is not questioned, and it is settled that where a bond and mortgage are valid in their inception their validity is not affected by a usurious agreement for the extension of the time of payment. (*Real Estate Trust Co.* v. *Keech*, 69 N. Y. 248.) As stated, no claim is made against defendant Simon Bachrach for deficiency. The bond and mortgage remain unaffected as to him even though the extension agreement were to be held invalid. So far as this record is concerned, he took the property subject to a valid mortgage. Likewise, there being no claim for deficiency against defendant Jacob Bakrat, individually, and the extension, which he says he obtained through a corporation which he formed, not affecting the original bond and mortgage, he is in no position under his answer to interpose usury as a defense to the foreclosure, having parted with all his interest in the property. If Jacob Bakrat should deem himself entitled to a return of the alleged bonus which he claims to have paid upon the extension of the mortgage, he nevertheless makes no such claim in this action, and I am of opinion that in the circumstances shown by this record he has no defense to the foreclosure action. Whether such a claim could be made by him in this foreclosure action we do not decide. " The bond and mortgage were valid in their inception, and the usurious agreement for the extension of the time of payment after the debt became due, did not affect their validity. The agreement for forbearance was void, but the original debt and the securities given for it remained in full force." (*Real Estate Trust Co.* v. *Keech, supra.*)

In *Hartley* v. *Harrison* (24 N. Y. 170, 171) it was written: " The law is well settled in this State that the purchaser who takes a conveyance of the premises from the mortgagor, subject to the lien and payment of a mortgage, cannot set up the defense of usury against such mortgage and thus obtain an interest in the land which the mortgagor never agreed or intended to transfer to him. (*Post* v. *Dart*, 8 Paige, 641; *Shufelt* v. *Shufelt*, 9 Paige, 145; *Cole* v. *Savage*, 10 Paige, 591; *Ferris* v. *Crawford*, 2 Denio, 598; *Morris* v. *Floyd*, 5 Barb. 130; *Sands* v. *Church*, 2 Seld. 347.) The principle upon which these proceed is, that the mortgagor may, if he thinks proper to do so, waive the usury and elect to affirm the mortgage by selling and conveying his property subject to the lien and payment of such mortgage, and the purchaser, in that case, takes the equity of redemption merely and cannot question the validity of the mortgage on ground of usury." (See, also, discussion and cases cited in *Hatch* v. *Baker*, 139 Misc. 717.)

The order denying the motion for judgment on the pleadings

should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAZANSKY, P. J., HAGARTY, SCUDDER and DAVIS, JJ., concur.

Order denying motion for judgment on the pleadings reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.