MEYER EDELMAN, Respondent, *v.* SAM CYMBERG and ESTELLE CYMBERG, Appellants.

Third Department, April 30, 1941.

*Gustave A. Cymberg* [*Isidor Enselman* of counsel], for the appellant Sam Cymberg.

*Michael E. Hammer* [*Isidor Enselman* of counsel], for the appellant Estelle Cymberg.

*Harold R. Soden,* for the respondent.

SCHENCK, J. Heretofore and on or about the 22d day of March, 1933, the defendant Sam Cymberg executed and delivered to Carl Bloom a bond and mortgage to secure the payment of $1,000, with interest. Bloom was acting for his uncle, Meyer Edelman, the plaintiff-respondent herein. On March 25, 1933, Edelman delivered to Bloom $1,000, which the latter delivered to defendant Sam Cymberg in two $500 checks. In April, 1933, Bloom assigned the mortgage to the plaintiff, which assignment was duly recorded. No part of the principal of said mortgage has been paid, although interest thereon was paid semi-annually until October, 1936.

In May, 1937, the defendant Sam Cymberg by a quitclaim deed conveyed the mortgaged premises to his daughter, the defendant Estelle Cymberg. This action to foreclose the mortgage was commenced in August, 1937, and plaintiff made a *prima facie* case. The defendants herein have moved for judgment on the ground that plaintiff has not served replies to the separate defenses and counterclaims alleging usury. It is the contention of plaintiff that from the complaint and admissions in the answer, the counterclaims fail to state a cause of action, and that at most defendants had simply affirmative defenses which require no replies. The court held that defendant Sam Cymberg lost his right to affirmative relief for usury when he conveyed the title of this property to his daughter. Usury is a personal defense and may be asserted only by the borrower or those in privity with him. He loses his status as a borrower when he conveys his equity of redemption and cannot have the mortgage canceled as usurious without paying the amount of the loan. (*Schermerhorn* v. *Talman*, 14 N. Y. 93; *O'Brien* v. *Ferguson*, 37 Hun, 368.)

Defendant Sam Cymberg did not lose the right to assert usury as a defense and could have offered proof to sustain the defense. He offered no proof but contended that he was entitled to judgment on his counterclaim by reason of the failure of plaintiff to reply. It seems clear that defendant Estelle Cymberg could also have set up the same defense, although there is no proof in the record that she knew that the mortgage was tainted with usury when she accepted the deed.

Plaintiff has made a *prima facie* case. The judgment is in accordance with the law and facts applicable, and should be affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed, with costs.