■ JEROME SHAPIRO, Doing Business as FEDERAL FACTORS CO., Respondent, v. FRANK WEISSMAN et al., Appellants, et al., Defendants.— In an action to foreclose a mortgage on real property in which the defense is usury, the appeal is from an order granting a motion for summary judgment striking out appellants' answer (Rules Civ. Prac., rule 113). Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. The affidavits submitted on

the motion present an issue of fact as to whether the loan was made to a corporation and guaranteed by appellants, in which event appellants would be precluded from pleading usury as a defense (General Business Law, § 374; *Salvin* v. *Myles Realty Co.*, 227 N. Y. 51, 58), or was in fact made to the appellants individually, though in form to the corporation to hide the fact that the respondent exacted an illegal rate of interest (cf. *Jenkins* v. *Moyse*, 254 N. Y. 319, 324; *Pink* v. *L. Kaplan, Inc.*, 252 App. Div. 490). Nolan, P. J., and Wenzel, J., concur; Beldock, J., concurs in the result; Murphy and Ughetta, JJ., dissent and vote to affirm, with the following memorandum: In *Jenkins* v. *Moyse* (254 N. Y. 319, 321) an individual sought a loan. He was told by a broker to whom he applied that he "'would have to be incorporated'" because a corporation could not plead usury and that the lender would not make the loan unless he "'was incorporated'". The plaintiff in that action acceded to the suggestion and on behalf of a corporation to be formed he authorized the broker to obtain the loan and agreed to pay a large bonus. The corporation was then formed and received the loan. It was held in denying relief based on a claim of usury that the transaction was consummated in full compliance with the law of this State. Accepting in full the version of appellants on the present appeal, respondent told appellant Frank Weissman that a corporation must be used for the purpose of making a loan, since a corporation cannot plead usury. A corporation of which Weissman was president was used. The corporation gave its notes in payment of the loan. Appellants guaranteed payment and delivered a mortgage on real property in support of their guarantee. The loan was made to the corporation and the proceeds were placed in the corporate bank account. There is no material difference between what was done in the *Jenkins* case (*supra*) and what was done in the present case. There is not even any showing by appellants in support of their defense of usury that the loan was used for other than corporate purposes.