**PAC CONSTRUCTION COMPANY, a Delaware corporation, and Moyer Brothers, a partnership, Plaintiffs,**

v.

**NEW YORK FACTORS, INC., Defendant.**

Civ. A. No. 60–201.

United States District Court
W. D. Pennsylvania.

Jan. 24, 1961.

644

T. Robert Brennan, Brennan & Brennan, Pittsburgh, Pa., for plaintiff Moyer Bros.

Harry C. Benton, Hollidaysburg, Pa., for plaintiff PAC Const. Co.

Samuel H. Jubelirer, Jubelirer & Carothers, Altoona, Pa., for defendant.

MARSH, District Judge.

To the complaint filed in the above entitled action the defendant made a motion to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b) (6), Fed.R.Civ.P., 28 U.S.C.A.; and a motion for summary judgment, Rule 56(b), Fed.R.Civ.P. Pursuant to leave granted at the hearing, the parties subsequently filed a stipulation, and A. C. Moyer, a partner plaintiff, filed an affidavit in support of the complaint. It is the opinion of the court that the motions should be denied.

"'On a motion for summary judgment, the pleadings of the opposing party must be taken as true * *.'" Bragen v. Hudson County News Co., 3 Cir., 1960, 278 F.2d 615, 617.

The facts as they appear from the complaint may be summarized as follows:

Sometime prior to April 17, 1958, the plaintiff Moyer Brothers, a partnership (hereinafter "the partnership") composed of A. C. Moyer and J. E. Moyer, made application for a loan from the defendant, New York Factors, Inc., a New York corporation. The partnership was advised by the president of defendant that defendant would not make a loan such as that requested to a partnership for the reason that the defendant would be unable to charge a partnership more

than 6% per annum interest. The president of defendant, however, advised A. C. Moyer that defendant would make the loan to a corporation which could be charged interest at the rate demanded by the defendant, viz.: ⅑₈% per diem— the equivalent of 20⅝₈% per annum.

At the request of the defendant and "for the purpose of being a conduit and for the sole purpose of making the loan",[1] the partnership caused to be incorporated Moyer Bros. Construction Co., Inc., (hereinafter "the corporation"), a Pennsylvania corporation.

On April 17, 1958, defendant loaned to the corporation the sum originally requested by the partnership and the corporation delivered to defendant three judgment notes totalling the amount of the loan and providing for the payment of interest at the rate of ⅑₈% per diem commencing May 1, 1958. The individual partners, along with the corporation, signed a guarantee of the aforesaid judgment notes and gave to the defendant a secured interest in certain construction equipment specified in Exhibit "E" attached to the complaint. In addition, the individual partners agreed to execute a collateral security assignment of life insurance on their lives to the defendant.[2]

Subsequently the corporation obtained a second loan from the defendant and on May 1, 1958, delivered to the defendant the promissory note of the corporation and a letter signed by the individual partners of the partnership agreeing that this loan be covered by the previously-mentioned guarantee.

Finally, on September 26, 1958, defendant granted the corporation a third loan, also at an interest rate of ⅑₈% per diem. The individual partners of the partnership, as well as the partnership, became guarantors on this loan and agreed to extend the original guarantee

agreements of the April 17, 1958 loan to this loan and further agreed to give a security interest to defendant in certain specified equipment of the partnership listed in Exhibit "H" of the complaint.

The plaintiff PAC Construction Company at a Sheriff's sale conducted by the Sheriff of Blair County, Pennsylvania, on July 3, 1959, at Fi. Fa. No. 3 June Term, 1959, purchased all of the equipment to which the partnership had given the defendant a security interest in connection with the aforesaid loans by defendant to the corporation.

There is of record in the Prothonotary's Office of Blair County two financing statements listing the partnership as debtor and defendant as creditor, viz.: File No. 7278 dated April 17, 1958, listing the equipment set forth in Exhibit "E" of the complaint; and File No. 7753 dated September 26, 1958, listing the equipment set forth in Exhibit "H" of the complaint.

Certain judgments have been entered by the defendant against A. C. Moyer and J. E. Moyer, individually, and trading as Moyer Brothers, a partnership, in the Prothonotary's Office of the Court of Common Pleas of Blair County and which judgments appear to be liens against certain realty owned by A. C. and J. E. Moyer, individually, and trading as Moyer Brothers.

In paragraph 11 of the complaint, plaintiffs make the following allegations:

"That at no time was Moyer Bros. Construction Co., Inc. an active corporation; that it was created solely for the purpose of securing the aforesaid loans and was used by the defendant as a device and/or conduit *for the borrowing of money by Moyer Brothers, a partnership,* from the defendant New York Factors, Inc. * * *." (Emphasis supplied.)

---

1. Paragraph 5 of the complaint; see also, paragraph 11 of complaint.

2. The complaint does not expressly state that this assignment of life insurance was in fact executed, but since it does

state that the partners agreed to do so and since one of the prayers for relief seeks to have defendant release said assignments, for the purposes of this opinion we will assume that the assignments were executed.

The affidavit of A. C. Moyer, one of the members of the partnership plaintiff, inter alia, avers:

"[Y]our deponent understood that the loans of New York Factors was [sic] being made to the partnership and that the corporation was merely a guise for the purpose of making such a loan * * *."

Plaintiffs contend that the rate of interest charged by the defendant on the aforesaid loans was usurious as to the partnership and as to A. C. Moyer and J. E. Moyer, as individuals, under the law of New York, and that under that law usurious notes are absolutely void and as a result the aforesaid chattel mortgages, judgments and assignments of life insurance are also void. Plaintiffs seek to have this court order defendant to strike from the record the aforesaid financing statements and judgments and to release the second collateral assignments which defendant holds on the life insurance policies of A. C. Moyer and J. E. Moyer, as individuals, and as Moyer Brothers, a partnership.

The defendant contends that the plaintiffs are not entitled to the relief sought in this action since the allegations of the complaint clearly show that the loans in question were made to a corporation and simply guaranteed by the individual and partnership plaintiffs, and under the law of New York a corporation may not raise the defense of usury nor may individual guarantors of a corporate loan raise such a defense.

■ In this Circuit the principles governing summary judgment proceedings are well settled. The moving party has the burden of showing that there is no genuine issue of a material fact,[3] which under the applicable substantive law would entitle him to judgment as a matter of law.[4]

" * * * [S]ummary judgment may be granted only if * * *

'there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law.' Fed.R.Civ.P. 56(c), 28 U.S.C.; see F. A. R. Liquidating Corp v. Brownell, 3 Cir., 1954, 209 F.2d 375. *Any doubt as to the existence of a genuine issue of fact is to be resolved against the moving party.* Sarnoff v. Ciaglia, 3 Cir., 1947, 165 F.2d 167, 168. * * [D]ocuments filed in support of a motion for summary judgment are to be used for determining whether issues of fact exist and not to decide the fact issues themselves. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F. 2d 580."[5] (Emphasis supplied.)

See also Bragen v. Hudson County News Co., supra.

The parties have proceeded on the theory that the law of New York is applicable to determine whether the transactions here in question were usurious and we have found nothing to indicate the contrary.

The General Business Law of New York, §§ 370, 374, subd. 1, Cons.Laws, ch. 20, provides as follows:

"§ 370. Rate of Interest

"The rate of interest upon the loan or forbearance of any money, goods, or things in action, except as otherwise provided by law, shall be six dollars upon one hundred dollars, for one year, and at that rate, for a greater or less sum, or for a longer or shorter time."

"§ 374. Corporations prohibited from interposing defense of usury

"1. No corporation shall hereafter interpose the defense of usury in any action. The term corporation, as used in this section, shall be construed to include all associations, and joint-stock companies having any of the powers and privileges of

---

3. Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 3 Cir., 1951, 190 F.2d 817.

4. Moore's Federal Practice, Vol. 6, ¶ 56.15 [3], p. 2123.

5. Lawlor v. National Screen Service Corp., 3 Cir., 1956, 238 F.2d 59, 65, judgment vacated on other grounds, 1957, 352 U.S. 992, 77 S.Ct. 526, 1 L.Ed.2d 540.

corporations not possessed by individuals or partnerships."

The leading case construing the law of New York on this subject is Jenkins v. Moyse, 1930, 254 N.Y. 319, 172 N.E. 521, 522, 74 A.L.R. 205. In that case the New York Court of Appeals held in substance that if a loan is made *to a corporation* at a rate of interest which could not lawfully be exacted from an individual, the loan and interest are valid and enforceable even though an individual—because he owns all of the stock of the corporation, for instance—indirectly receives the full benefit of the loan and even though the corporation was formed for the purpose of making the loan at the higher interest rate. The court stated, however, that:

"The test of whether this loan is usurious is whether it was in fact made to the plaintiff [an individual]. Doubtless at times loans are made in fact to an individual *though in form* they are made to a corporation to hide the fact that the lender has exacted an illegal rate of interest from the real borrower." (Emphasis supplied.)

The more recent case of Shapiro v. Weissman, 2d Dept. 1958, 7 A.D.2d 752, 181 N.Y.S.2d 43, 44 is also in point. This was an action to foreclose a mortgage on real property. The defense of usury had been raised, but the lower court granted summary judgment in favor of the plaintiff. The Supreme Court, Appellate Div., in reversing stated:

"The affidavits submitted on the motion present an issue of fact as to whether the loan was made to a corporation and guaranteed by appellants [individuals], in which event appellants would be precluded from pleading usury as a defense (General Business Law, § 374; Salvin v. Myles Realty Co., 227 N.Y. 51, 58, 124 N.E. 94, 96, 6 A.L.R. 581), *or was in fact made to the appellants individually, though in form to the*

*corporation to hide the fact that the respondent exacted an illegal rate of interest* (cf. Jenkins v. Moyse, 254 N.Y. 319, 324, 172 N.E. 521, 522, 74 A.L.R. 205; Pink v. L. Kaplan, Inc., 252 App.Div. 490, 300 N.Y.S. 45)." (Emphasis supplied.)

█ There are certainly many allegations in the complaint which indicate that the loans in question were made to the corporation under circumstances which under the law of New York would preclude plaintiffs from raising the issue of usury. In determining whether summary judgment should be granted, however, we must read the complaint as a whole along with any affidavits submitted, to determine whether there exists a genuine issue of a material fact and whether the moving party is entitled to judgment as a matter of law, and we must resolve any doubt as to the existence of a genuine issue of fact against the moving party. See authorities previously cited.

█ We think that the allegations contained in the complaint and A. C. Moyer's supporting affidavit, although decidedly ambiguous in the light of other allegations of plaintiffs, are sufficient to create a doubt as to the existence of a genuine issue of fact on the material question as to whether the loans made by the defendant were made "in fact to an individual [or partnership] though in form * * * to a corporation", so as to preclude entry of summary judgment.[6]

██ It seems to be established by the pleadings that the partnership plaintiff does not have any title to the equipment involved and therefore is without standing to remove "a cloud on the title of PAC Construction Company * * * who holds title and possession under and by virtue of a judicial sale * * *." See: 74 C.J.S. Quieting Title § 16, p. 39. However, the plaintiff partnership has asserted title to certain real estate against which the judgments in favor of defendant appear to be liens, and

---

6. It is, of course, not our function in considering a motion for summary judgment to resolve issues of fact or of credibility.

plaintiff PAC has asserted title to the equipment involved pursuant to the judicial sale. Accordingly, we think both plaintiffs have at least prima facie standing to maintain this suit since the issue of usury may be raised by the borrower or those in legal privity with him. Edelman v. Cymberg, 261 App.Div. 698, 27 N.Y.S.2d 151; Yormark v. Waldman, 127 Misc. 748, 217 N.Y.S. 501.

An appropriate order will be entered.