George F. X. McInerney, J.
Plaintiff, Commercial Credit Corporation, is granted summary judgment jointly and severally against Hull Chevrolet-Olds, Inc., John D. Crowley and Corinne Crowley, defendants. A hearing for the assessment of damages shall take place before this court on June 30, 1964, at 9:30 a.m.
Hull Chevrolet-Olds, Inc., defendant in the principal action, and plaintiff in the third-party action, is granted summary judgment against Hollbrook Motors, Inc., by default in the same amount as that to be established at the hearing of Commercial Credit Corporation v. Hull Chevrolet-Olds, Inc., et al.
The defendant John D. Crowley entered into a retail installment contract with Hollbrook Motors, Inc., whereby the defendant John D. Crowley purchased a Rambler Suburban automobile for $2,097 less credits of $150, leaving a balance of $1,947 which together with various fees totaled $2,637.72 to be paid in 4 monthly installments of $101.43 each and 32 monthly installments of $69.75 each. The contract was subsequently assigned to the plaintiff and thereafter filed with the County Clerk. The contract provided that title was to remain in the seller until all amounts were fully paid, that the seller could assign the contract but that the purchaser would not sell, transfer or encumber the automobile. On default the unpaid balance was to become due and payable immediately. Thereafter the defendant, John D. Crowley, breached the contract by transferring title to his wife, Corinne Crowley, another defendant, and defaulted in his payments. Just before the default occurred, the defendant, Corinne Crowley, transferred title to the defendant Hull Chevrolet-Olds, Inc., as part payment for another automobile. Plaintiff brought an action for conversion of the automobile and in alternative for $2,005.31, which includes the balance due together with attorney’s fees.
The plaintiff, Commercial Credit Corporation, is expressly protected by subdivision 8 of section 302 of the Personal Property Law, which states: “ The buyer’s written acknowledgment, conforming to the requirements of subdivision three of this section, of delivery of a copy of a contract shall be conclusive proof of such delivery and of compliance with this subdivision in any action or proceeding by or against an assignee of the contract without knowledge to the contrary when he purchases the contract.”
*414 The section protects the plaintiff as an assignee of the contract without knowledge of a possible noncompliance with this subdivision.
In accordance with subdivision 9 of section 302 of the Personal Property Law and the express covenant on page 2 of the contract, the purchaser agreed that the contract was free from any claims or defenses whatsoever which the purchaser may have had against the seller. This agreement followed the possession of the car and Hull took possession subject to the rights of Commercial Credit Corporation.
In Halsey v. Winant (258 N. Y. 512, 530) the court held: “ In Post v. Bank of Utica (supra [7 Hill 391]) it was distinctly held that the purpose of the statute was to protect the borrower and that the borrower’s right is personal to him and cannot be asserted by a stranger to the transaction; that tile law was made to prevent oppression and to rescue the party oppressed.”
The court continued: “ It seems to us that reasoning applies to the instant case. The statute is not designed to permit third parties to prefer their claims over the just indebtedness of a person who in connection with that indebtedness has made a usurious contract. It is designed to permit the borrower and those liable on the borrower’s debt to avoid the obligation of the usurious contract. (Buckingham v. Corning, 91 N. Y. 525.) ”
(See General Business Law, § 375.) “ The defense of usury is personal to the borrower or those in privity with him” (Hatch v. Baker, 139 Misc. 717, 718).
Bratta v. Caruso Car Co. (166 Cal. App. 2d 661) is not in point as that case dealt only with the two parties who were privy to the contract.