TREMONT SAVINGS AND LOAN ASSOCIATION, Plaintiff, *v.* JOSE ORTIZ et al., Defendants.

Supreme Court, Special Term, Kings County, December 2, 1966.

*Samuel J. Kisseloff* for plaintiff.  *Milton Robert Weinberg* for Daniel Macklin, defendant.

WILLIAM T. COWIN, J.  In this mortgage foreclosure action, the plaintiff, the Tremont Savings and Loan Association, seeks a deficiency judgment in addition to the usual relief.  The plaintiff moves for summary judgment striking out the answer of the defendant Daniel Macklin.

The papers submitted reveal that on September 14, 1960, the defendants Daniel Macklin, Saul Liss, Samuel S. Parmet and Donald J. Parmet, doing business as Eagle Realty Co., executed and delivered to Morwill Corp. a bond and mortgage in the sum of $14,000.  At the closing of the mortgage transaction, the borrowers executed and delivered an estoppel certificate to the effect that " there are no defenses or offsets to said mortgage or to the bond secured thereby " and on the same day the bond and mortgage were assigned to the plaintiff by Morwill Corp. Subsequently, the borrowers-mortgagors conveyed the premises subject to the mortgage.

The defendant Daniel Macklin served an answer interposing an affirmative defense of usury with respect to the mortgage and asserting that plaintiff had full knowledge of the usurious nature of the loan.  All the other defendants have defaulted in pleading.

The plaintiff contends that the defense of usury is not available to Macklin since he and his erstwhile co-owners sold and conveyed the property subject to the mortgage.  For this proposition, the plaintiff cites *Hatch* v. *Baker* (139 Misc. 717); *Howard* v. *Kirkpatrick* (263 App. Div. 776); and *Sherling* v. *Gallatin Improvement Co.* (237 App. Div. 535).  In the first two of these cases, the defense of usury was advanced by grantees of the premises and the mortgagors did not appear in the action.  In the last of the three cited cases, the mortgagor was a corporation to which the defense of usury was not available.  Clearly, none of them is apposite.

While it would be manifestly unfair to permit the grantee of the premises to receive credit for the amount of the mortgage against the purchase price and then absolve himself from payment of the mortgage, it would be equally inequitable to deprive the borrower-mortgagor-grantor of his defense of usury after he has sold the property and has given credit for the amount of the mortgage against the purchase price.

After the conveyance of property subject to a usurious mortgage, the usury can no longer defeat a foreclosure action (*Hatch v. Baker, supra*; *Howard v. Kirkpatrick, supra*) but the claim for a deficiency judgment against the mortgagor is still vulnerable to the defense. (*Del Rubio v. Duchesne*, 284 App. Div. 89; *Edelman v. Cymberg*, 261 App. Div. 698.)

The plaintiff also contends that the defense of usury is not available to the defendant because of the estoppel certificate in which he, along with his fellow owners, certified that "there are no defenses or offsets to said mortgage or to the bond secured thereby." This would ordinarily be true. However, where the mortgage, the assignment thereof and the estoppel certificate are all part of one transaction and the assignee is aware of the usurious nature of the transaction, the defense of usury remains available to the mortgagor. (*Merwin v. Romanelli*, 141 App. Div. 711; *Michaels v. Single*, 138 Misc. 446; *Gleason v. O'Neill*, 234 App. Div. 264.)

Has the defendant alleged sufficient facts to come within the scope of these cases? The mortgage, estoppel certificate and assignment were all executed on September 14, 1960. The plaintiff points to the fact that the check by which it paid for the mortgage was dated September 21, 1960. This loses significance in view of the fact that the instrument of assignment was recorded on September 20, 1960. The identification of the assignee plaintiff in the estoppel certificate which was executed on September 14 and the recording of the instrument of assignment on September 20 lead to the possible conclusion that plaintiff assignee's participation in the transaction originated well before September 21.

It is uncontradicted on this motion that the mortgagor received from Morwill Corp. at most $11,200 for the $14,000 mortgage and that the plaintiff assignee paid Morwill Corp. $13,020 for the $14,000 mortgage.

Since the mortgage bore interest at 6% per annum and was made by individuals, the mortgagee Morwill Corp. would have had to advance the full amount of $14,000 for the loan to be free of usury. The plaintiff thus far has failed to explain how it

believed that the Morwill Corp. would agree to sell for $13,020 a mortgage for which Morwill Corp. was about to, or had contemporaneously paid, $14,000. It will have an opportunity to do so at a trial. Motion is denied.