■ NORMAN GOLDSTEIN ASSOCIATES, INC., Respondent, v BANK OF NEW YORK, Appellant. [611 NYS2d 276] —In an action to recover damages for negligent and improper payment of seven checks, the defendant appeals from so much of a judgment of the Supreme Court, Nassau County (Ain, J.), dated March 11, 1992, as granted those branches of the plaintiff's motion which were for summary judgment with respect to the second and sixth causes of action.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff Norman Goldstein Associates, Inc. (hereinafter NGA) brought this action seeking damages arising from the alleged negligent payment by the defendant Bank of New York (hereinafter BNY) of seven specific checks drawn by NGA upon its account with BNY. NGA claimed that BNY improperly permitted each of these checks to be deposited into accounts which were controlled by Robert Connelly, not the intended payee, without any endorsement or upon forged endorsements. NGA claimed that Robert Connelly, who held himself out as a business broker, induced it to provide funds for investments in various companies and individuals. The three checks in question which are the subject of NGA's second and sixth causes of action were paid by BNY without any endorsement whatsoever.

On appeal, BNY challenges the trial court's granting of summary judgment to NGA on the second and sixth causes of action, arguing that an issue of fact existed as to whether the intended payees actually received the proceeds of the three checks. We disagree.

The trial court properly granted summary judgment to NGA on the second and sixth causes of action based upon BNY's failure to meet its burden of proof beyond mere conclusions or allegations that payees received the checks. A bank is held liable to its customer for improperly making a payment on a forged or unendorsed check, unless the bank can show that the money which it paid on the check reached the payee

for whom it was actually intended *(see, Sweeney v National City Bank,* 263 App Div 418, *affd* 290 NY 624). Here, BNY has produced no evidence to refute NGA's showing that the proceeds of the checks were deposited in a bank account controlled by Connelly as part of his fraudulent so-called "Ponzi" scheme and thus never reached the nonexistent payees.

In addition, we find that the trial court was correct in finding that the negligence defense provided by UCC 3-406 is unavailable to BNY on the second and sixth causes of action. That statute requires that there first exist a signature endorsing the check and that it be an unauthorized signature, whereas here the three checks lacked any signature or endorsement whatsoever. The Court of Appeals has held that the UCC 3-406 defense is inapplicable in such a situation *(see, Tonelli v Chase Manhattan Bank,* 41 NY2d 667, 671).

Finally, the court properly found that BNY failed to provide any evidence that the transactions underlying the three checks, referred to in the second and sixth causes of action, were usurious. In any event, the laws against usury are designed to give protection to the borrower against the overreaching of the lender and not to an extraneous party, such as BNY which has suffered no harm or loss from the making of a usurious loan *(see, Hatch v Baker,* 139 Misc 717). Given that BNY was neither the lender nor the borrower in the underlying transactions, the defense of usury is not available to it. Sullivan, J. P., O'Brien, Santucci and Hart, JJ., concur.