Kenerson v. Morgan Guaranty Trust     CV-91-611-SD   10/17/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Jean R. Kenerson, Administratrix
 of the Estate of Vaughan H. Kenerson


          v.                              Civil No. 91-611-SD

Morgan Guaranty Trust Company;
Bank of California, N.A.


O R D E R


     Presently before the court is plaintiff's motion for partial summary judgment, which seeks to foreclose defendants (the Banks) from asserting the negligence defense provided in Uniform Commercial Code (UCC) § 3-406.  Document 66.  Defendants have timely objected thereto, document 69, and plaintiff has filed a supplemental memorandum in response to said objection, document 71.


Discussion

1.  Summary Judgment Standard

     Summary judgment shall be ordered when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed. R.

Civ. P. "In general . . . a party seeking summary judgment [is required to] make a preliminary showing that no genuine issue of material fact exists. Once the movant has made this showing, the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)), cert. denied, ___ U.S. ___, 115 S. Ct. 2247 (1995).

"[T]rialworthiness[, however,] necessitates 'more than simply show[ing] that there is some metaphysical doubt as to the material facts.'" Id. (quoting Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)) (second alteration in National Amusements). Thus, "'[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve . . . .'" Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)).

The record on summary judgment is reviewed "in the light most favorable to the nonmoving party, and [the court shall] indulge all reasonable inferences in that party's favor." Colonial Courts Apartment Co. v. Proc Assocs., Inc., 57 F.3d 119,

2

122 (1st Cir. 1995) (citing <u>Inn Foods, Inc. v. Equitable Coop.</u>
<u>Bank</u>, 45 F.3d 594, 596 (1st Cir. 1995)).


2.  Plaintiff's Motion for Partial Summary Judgment

Plaintiff asserts that the UCC § 3-406[1] defense does not
here apply for the following reasons:

> 3.  With respect to 24 of the 26 checks,
> the conversion occurred as the result of the
> defendants' making payment when a necessary
> signature was <u>missing</u>, not because there was
> an <u>unauthorized</u> signature.  Section 3-406
> therefore does not apply to the conversion of
> those 24 checks.[2]
> 4.  With respect to the two checks bearing
> unauthorized signatures, even if Mrs.
> Kenerson's conduct was negligent, her conduct
> did not, as a matter of law, substantially
> contribute to the making of the unauthorized
> signatures.
> 5.  No reasonable juror could find that
> Mrs. Kenerson was negligent in relying on Mr.
> Fairbanks to administer the estate properly
> and honestly.

---

[1]All references to the UCC are intended to refer to such
version of the UCC as existed prior to its amendment by the
Legislature effective January 1, 1994.

[2]Plaintiff incorrectly marshals the incomplete check
indorsements as part of her negligence argument.  That 24 of the
26 checks were paid over incomplete indorsements does not resolve
the issue of whether plaintiff may be properly charged with some
degree of antecedent negligence.  Rather, such payments are
directly relevant to UCC § 3-406's other consideration--whether
the bank followed reasonable commercial standards in honoring the
checks.  <u>See</u> <u>infra</u> section 2.b.(2) (discussing commercial
reasonableness requirement).

Plaintiff's Motion for Partial Summary Judgment as to Negligence Defense ¶¶ 3-5. Defendants counter by merely stating that whether plaintiff's conduct substantially contributed to the conversion at issue is a disputed question of fact best resolved at trial by the jury. Defendants' Objection ¶¶ 2-3.

    a.  Parameters of the UCC § 3-406 Defense

"UCC 3-406 . . . requires that there first exist a signature endorsing the check and that it be an unauthorized signature . . . ." Norman Goldstein Assocs., Inc. v. Bank of New York, 611 N.Y.S.2d 276, 278 (N.Y. App. Div. 1994). Upon satisfaction of these initial conditions, the New Hampshire Legislature has provided for a negligence defense, applicable only under the following defined circumstances:

> Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority . . . against a drawee or other payee who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business.
> R.S.A. 382-A:3-406.

Kenerson v. FDIC, 44 F.3d 19, 36 (1st Cir. 1995).

Consequently, in order for the UCC § 3-406 defense to be

effective, it must be shown that Mrs. Kenerson was both negligent and "that such 'negligence substantially contribut[ed] to [the] material alteration of the instrument or to the making of an unauthorized signature'--that is, the forgery."  <u>American Title Ins. Co.</u> v. <u>Shawmut Bank</u>, 812 F. Supp. 301, 305 (D.R.I. 1993) (alterations in <u>American Title</u>).

### b.  Negligence versus Commercial Reasonableness[3]

#### (1) Plaintiff's Purported Negligence

Rather than the usual circumstance where a defendant is seeking to affirmatively apply the section's estoppel mechanism, the plaintiff herein seeks a ruling that her conduct was not negligent, and thus, as a matter of law, the UCC § 3-406 defense is unavailable to the defendant.

"It should be observed at the outset that U.C.C. § 3-406 addresses negligence that is antecedent to the making of the unauthorized signature."  <u>Zambia Nat'l Commercial Bank Ltd.</u> v. <u>Fidelity Int'l Bank</u>, 855 F. Supp. 1377, 1387 (S.D.N.Y. 1994).

---

[3]The court notes that plaintiff, to her ultimate detriment, has, for the purposes of the instant motion, "assume[d] that the defendants paid the checks in accordance with the 'reasonable commercial standards' of their business."  Plaintiff's Memorandum of Law at 1.  Said issue therefore is not properly before the court and will be addressed only insofar as is necessary to resolve the motion sub judice.

5

Additionally, under § 3-406 the bank must establish not merely that the customer was careless, but that the customer's negligence set the stage for, or in some way provided the wrongdoer with the opportunity to make[,] the unauthorized signature.  In this respect, the U.C.C. departs from the common law notion of proximate cause in favor of a more expansive standard, whereby the customer is estopped from asserting the forgery if his negligence bears a causal relationship to the forgery.

Id. (citation omitted).

Although the comments to UCC § 3-406 provide a nonexclusive list "of acts or omissions which according to the draftsmen constitute negligence," JAMES J. WHITE & ROBERT S. SUMMERS, UNIFORM COMMERCIAL CODE, § 16-6, at 537 (1972), "no attempt is made to specify what is negligence . . .," New Hampshire Revised Statutes Annotated (RSA) 382-A:3-406 cmt. 7 (1961).  Indeed, none of the situations depicted therein are even remotely analogous to the instant facts.

However, insofar as UCC § 3-406 states that "[a]ny person who by his negligence substantially contributes . . . to the making of an unauthorized signature" will be precluded from recovering the proceeds of any check found to be wrongfully honored due to such negligence, RSA 382-A:3-406, the court herewith finds and rules that conduct which creates, fosters, or perpetrates a forgery scheme is the type of negligent conduct

6

that forms the very basis of UCC § 3-406's estoppel mechanism. Whether the plaintiff herein is chargeable with such antecedent negligence "and whether such negligence substantially contributed to the making of a forgery are questions of facts to be determined by the jury." 6 RONALD A. ANDERSON, UNIFORM COMMERCIAL CODE, § 3-406:30, at 433-34 (3d ed. 1993); accord Zambia Nat'l Bank, supra, 855 F. Supp. at 1387 ("the question of whether the drawer failed to exercise ordinary care and thereby substantially contributed to the forgery is a question for the finder of fact, to be decided on a case-by-case basis").

(2)  The Banks' Commercial Reasonableness

Plaintiff's own negligence notwithstanding, summary judgment on the UCC § 3-406 defense may still issue in her favor should the Banks herein be contributorily negligent.

> Proof of the plaintiff customer's negligence is not sufficient to establish a successful estoppel under U.C.C. § 3-406. The defendant bank seeking refuge in § 3-406 must also establish that it was not contributorily negligent, i.e., that it exercised "reasonable commercial standards" in verifying signatures on the checks presented to it for payment.

Zambia Nat'l Bank, supra, 855 F. Supp. at 1387-88; see also New Jersey Steel Corp. v. Warburton, 655 A.2d 1382, 1386 (N.J. 1995)

7

("the slightest contributory negligence on the part of the bank makes the defense of the customer's negligence unavailable") (applying New Jersey law).

Of the 26 checks at issue herein, 24 lacked Mrs. Kenerson's signature--forged or otherwise. The remaining two checks were indorsed by Attorney Fairbanks "by writing first his own name (without any description of his role), followed by the name of Mrs. Kenerson." Kenerson, supra, 44 F.3d at 21. No evidence has been proffered to show "that Mrs. Kenerson had ever affirmatively authorized Fairbanks to endorse any checks in her name." Id.

Plaintiff, having assumed commercial reasonableness herein, supra note 3, simply presents no evidence on said issue. Despite this evidentiary shortfall, the court notes that "the question of whether a bank acted with commercial reasonableness is ordinarily a question of fact." American Title, supra, 812 F. Supp. at 307; accord ANDERSON, supra, § 3-406:30, at 434 (bank's exercise of ordinary care should be determined as a question of fact).

On the basis of the evidence before it, the court finds and rules that genuine issues of material fact remain surrounding whether Mrs. Kenerson's conduct as co-administrator of her husband's estate amounted to negligence or whether any such negligence "substantially contributed" to Attorney Fairbanks'

8

misdeeds.  Furthermore, in light of plaintiff's limited concession regarding the Banks' commercial reasonableness, and acknowledging that such issue is best reserved for determination by a jury, the court further finds and rules that plaintiff has failed to demonstrate the absence of any genuine issue of facts material to her alternate means of obtaining the requested relief.  Accordingly, plaintiff's motion for partial summary judgment on the issue of negligence must be and herewith is denied.

Conclusion

For the reasons set forth herein, plaintiff's motion for partial summary judgment (document 66) is denied.  The issues of plaintiff's negligence and the Banks' commercial reasonableness will be resolved at trial by jury, calendared to commence February 20, 1996.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

October 17, 1995

cc:  Bradford W. Kuster, Esq.
     John T. Broderick, Jr., Esq.